# Exhibit 1

```
Evan J. Smith, Esquire (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile:  (310) 247-0160
esmith@brodsky-smith.com

Attorneys for Kirby Velasco
```

**FILED**
Los Angeles Superior Court

DEC 28 2010

JOHN A. CLARKE, CLERK
BY DAWN ALEXANDER, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## LOS ANGELES COUNTY

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MRS. GOOCH'S NATURAL FOODS MARKET, INC.; WHOLE FOODS MARKET CALIFORNIA, INC.<br><br>Defendant. | CASE NO.: BC428347<br><br>JUDGE    Rita Miller<br><br>DEPT.:    16    **BY FAX**<br><br>SECOND AMENDED CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, *et seq.*<br><br>(2) VIOLATIONS OF THE CDPA, CALIFORNIA CIVIL CODE § 54.1, *et seq.*<br><br>(3) VIOLATIONS OF CAL. CIV. CODE § 55.1, *et seq.*<br><br>(4) VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. Section 12181, <u>et seq.</u>.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Kirby Velasco, by and through her attorneys, alleges the following based upon personal knowledge as to her own acts, and upon information and belief and her attorneys' investigation as to all other facts.

- 1 -
SECOND AMENDED CLASS ACTION COMPLAINT

1. Plaintiff, on behalf of herself and on behalf of the Class of mobility impaired/wheelchair bound persons, alleges that Defendants MRS. GOOCH'S NATURAL FOODS MARKET, INC. and WHOLE FOODS MARKET CALIFORNIA, INC. (hereinafter "Whole Foods," or "Defendant"), is in violation of the anti-discrimination state statutes of California, Unruh Civil Rights Act, California Code Section 51 *et seq.* ("Unruh Act"), the California Disabled Persons Act, California Civil Code Section 54 *et seq.* ("CDPA"); Cal. Civ. Code Section 55 *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. Section 12181, et seq. .

2. Plaintiff seeks injunctive relief, statutory damages and reasonable attorneys' fees and costs on behalf of the Plaintiff and the putative Class who have patronized or would like to patronize the markets identified below.

## STATUTORY BACKGROUND

3. Both the CDPA, which was enacted in 1968, and the Unruh Act, which was amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of disability and require full and equal access to services, facilities and advantages of public accommodations.

4. All buildings constructed or altered after July 1, 1970, must comply with standards governing the physical accessibility of public accommodations.

5. From December 31, 1981 until the present, the standards have been set forth in Title 24 of the California regulatory code (the "California Standards"). In addition to setting forth design and construction standards, the California Standards require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities. California Standards, Section 1101B.3.

6. A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act. A violation of 42 U.S.C. Section 12181, *et seq.*, of the Americans with Disabilities Act ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, Sections 51(f) and 54 (c). A prevailing plaintiff is entitled to, among other relief, statutory minimum

- 2 -
SECOND AMENDED CLASS ACTION COMPLAINT

damages regardless of whether the plaintiff has suffered any actual damages. Cal. Civ. Code, Section 54.3.

7. The Unruh Civil Rights Act, Cal. Code, Section 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever."

8. In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990… shall also constitute a violation of this section. Cal. Civ. Code, Section 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

9. Under Cal. Civ. Code, Section 55, a plaintiff may file an action to enjoin any technical violations of California's access laws, without an actual attempt to access the facility or to prove the violation results from discrimination. Injunctive relief under section 55 is available as a cumulative remedy under the Unruh Act or the CDPA. *Molsky v. Arciero Wine Group*, 164 Cal. App. 4th 786, 79 Cal. Rptr. 3d 574 (2008).

10. On July 26, 1990, Congress enacted the ADA establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities and privileges of, and access to, places of public accommodation.

11. Congress explicitly stated that among the purposes of the ADA were:

    (a) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (b) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    (c) To invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. Section 12101(b).

12. Pursuant to 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's

- 3 -
SECOND AMENDED CLASS ACTION COMPLAINT

3

disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

13. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less). See 42 U.S.C. Section 12181 and 28 C.F.R. 36.508(a).

14. Despite an extended period of time in which to become compliant and despite the extensive publicity the ADA, CDPA and Unruh Act has received over the years, Defendants continue to discriminate against people who are disabled, in ways that block them from equal access to and use of their markets.

## PARTIES AND STANDING

15. Plaintiff, Kirby Velasco, is a citizen of California and is domiciled in Lakewood, CA, and qualifies as an individual with disabilities. Kirby Velasco is an L-1 incomplete paraplegic, and requires a wheelchair to move about. Ms. Velasco has visited and patronized Whole Foods markets within the State of California, and has experienced discrimination at such markets as more fully set forth below. Ms. Velasco is being deterred from patronizing Whole Foods but intends to return to these markets for the dual purpose of availing herself of the goods and services offered to the public at such markets and to ensure that those markets cease evading their responsibilities under state law.

16. Plaintiff has been, and continues to be, adversely affected by Defendants' violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury as a result of the Defendants' actions and/or omissions as described herein.

17. Plaintiff has reasonable grounds to believe that Defendants will continue to subject her, and other disabled individuals to discrimination in violation of the laws of the State of California, given that the Defendants have failed to bring existing markets into compliance for over ten years and have allowed new markets to be constructed that were similarly out of compliance.

18. Defendant, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., is a corporation owned by Whole Foods Market, Inc. and/or Whole Foods Market California, Inc, and at all relevant times to this litigation acted, or failed to act, by and through their officers, representatives, subsidiaries, agents, workers and/or its employees. Defendant, which is a California corporation, has principal offices located at 550 Bowie Street, Austin, TX 78703, and engages in the ownership and operation of natural and organic food supermarkets. Upon information and belief, as of September 27, 2009, the company operated 51 stores in California. It maintains an agent for the service of process at CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017. Said Defendant's markets are located in the state of California and are required to comply with California state law and be fully accessible to the mobility impaired.

19. Upon information and belief, Defendant WHOLE FOODS MARKET CALIFORNIA, INC., is a California corporation and is Whole Foods Market, Inc.'s wholly owned subsidiary, and at all relevant times to this litigation acted, or failed to act, by and through their officers, representatives, subsidiaries, agents, workers and/or its employees. It maintains an agent for the service of process at CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017. Defendant's markets located in the state of California are required to comply with State law and be fully accessible for the mobility impaired.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction of the Unruh Act and DPA claims pursuant to Cal. Civ. Code Section 51, 54 & 55.

21. Venue lies in this county as Defendants are found and/or do substantial business here, and a substantial part of the property that is the subject of the action is so situated.

## CLASS ACTION ALLEGATIONS

22. Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382.

- 5 -

SECOND AMENDED CLASS ACTION COMPLAINT

23. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

24. Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

25. Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Markets, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

26. In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

27. The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized Whole Foods brand markets identified herein, who have been, or who were, three years prior to the filing of the original Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Whole Foods identified herein (the Class) or in the State of California.

1  28. The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

29. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendants provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(b) Whether Defendants' markets have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(c) Whether Defendants failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d) Whether Defendants have failed to remove architectural and communication barriers in existing markets, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e) Whether violations of the ADA also constitute per se violations of the California anti-discrimination statute. Cal. Civ. Code Section 51 and 54, *et. seq.*;

(f) Whether the Defendants have violated and/or continue to violate the federal and/or state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g) Whether the state anti-discrimination statues identified above provides for a private right of action;

(h) Whether the state anti-discrimination statues identified above provides for injunctive relief;

-7-
SECOND AMENDED CLASS ACTION COMPLAINT

(i) Whether the state anti-discrimination statutes identified above provides for minimum statutory deterrence damages;

(j) Whether to recover under the Unruh Civil Rights Act a plaintiff must plead and prove intentional discrimination;

(k) Whether to recover under CDPA a plaintiff need to prove any intentional conduct; and

(l) Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Civil Rights Act or CDPA.

30. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendants' conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that the Defendant has violated state law by violating the ADA and Title 24 by failing to make their markets accessible to individuals with disabilities and by excluding the Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendants' markets, and subjecting the Plaintiff to discrimination by failing to provide their facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to the Plaintiff, as well as other similarly situated persons.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

33. There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system

- 8 -
SECOND AMENDED CLASS ACTION COMPLAINT

by the filing of thousands of similar suits by disabled people across the California. There are no obstacles to effective and efficient management of the lawsuit as a class action.

### MARKETS OWNED/OPERATED BY DEFENDANTS IN VIOLATION OF THE ADA AND CALIFORNIA'S ACCESS LAWS

34. Plaintiff Velasco has patronized Whole Foods in the past. On October 10, 2009 she patronized Defendants' market located at 6550 East Pacific Coast Highway, Long Beach, CA and suffered discrimination as a result of being denied full and equal access. Specifically, this store location denied the Plaintiff equal access because it did not have fully accessible parking or a fully accessible restroom.

35. Thereafter, Plaintiff attempted to resolve this dispute without the need for litigation by providing Defendants with written notice and the opportunity to cure by requesting that Defendants make accessible the 6550 East Pacific Coast Highway, Long Beach, CA location. She likewise sent written notification regarding three other markets that she was aware were also not accessible. This was done by sending a written correspondence to the 6550 East Pacific Coast Highway, Long Beach, CA location manager requesting that the markets be made fully accessible within 30 days.

36. Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendants' discriminatory barriers. Those investigations, which are still ongoing, have to date identified the markets listed below as being in serious violation of state law as a result of their violations of the California Standards governing the physical accessibility of public accommodations and/or the ADA which results in a violation of both Unruh and/or CDPA. This information has been disseminated to the Plaintiff providing her with actual notice of the violations at the Defendants' markets listed below:

1. 6550 East Pacific Coast Highway, Long Beach, CA
2. 21347 Ventura Blvd., Woodland Hills, CA
3. 720 North Moorpark Road, Thousand Oaks, CA
4. 331 North Glendale Avenue, Blendale, CA

SECOND AMENDED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 5. | 3751 East Foothill Blvd., Pasadena, CA |
| 6. | 12905 Riverside Drive, Sherman Oaks, CA |
| 7. | 4520 Sepulveda Blvd., Sherman Oaks, CA |
| 8 | 1425 Montana Avenue, Santa Monica, CA |
| 9. | 225 Lincoln Blvd., Venice, CA |
| 10. | 500 Wilshire Blvd., Santa Monica, CA |
| 11. | 2201 Wilshire Blvd., Santa Monica, CA |
| 12. | 11737 San Vicente Blvd., Los Angeles, CA |
| 13. | 1050 Gayley Avenue, Los Angeles, CA |
| 14. | 239 North Crescent Drive, Beverly Hills, CA |
| 15. | 7871 Santa Monica Blvd., Los Angeles, CA |
| 16. | 6350 West 3rd Street, Los Angeles, CA |
| 17. | 1666 National Blvd., Los Angeles, CA |

37. Despite receiving notice and an opportunity to cure from the Plaintiff, Defendants have refused to address their accessibility violations. The aforementioned violations are ongoing and continue to result in the Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these markets.

38. Defendants have discriminated and are discriminating against Plaintiff, and other similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and required by both the California Standards and by the ADA. The following list describes Defendants' violations in the Whole Foods markets listed above:

1. There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

2. There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

3. There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

4. The accessible parking spaces do not have accessible aisles. This is in

- 10 -
SECOND AMENDED CLASS ACTION COMPLAINT