violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

5. The van accessible parking spaces do not have assessable aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

6. The entrance door does not provide a symbol of accessibility posted on the door. This is in violation of Title 24 Code 1127B.3.

7. The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

8. There are no visual or auditory alarms in the restrooms. This is in violation of ADAAG – Section 4.28.

9. The center of the water closet is more than 18" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

10. The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

11. The restroom door force is over 5 lbs. and is not accessible. This is in violation of Title 24 Code 1133B.2.5; ADAAG – Section 4.13.11(2)(b)

12. The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

13. The restroom stall door is not wide enough and is not accessible. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.5.

14. The restroom does not have the required grab bars. This is in violation of Title 24 Code 1115B. 8.1; ADAAG – Section 4.17.6.

15. The restroom mirror is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

16. The lavatory hardware is not compliant. This is in violation of Title 24 Code 1504.2.1; ADAAG – Section 4.19.5.

17. The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

18. The restroom signage is not compliant. This is in violation of ADAAG – Section 4.30.

39. The discriminatory violations described above are not an exclusive or exhaustive list of the Defendants' accessibility barriers, and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendants' facilities.

- 11 -
SECOND AMENDED CLASS ACTION COMPLAINT

40. The correction of these violations is readily achievable, or Defendants are obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

41. To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendants' failure to comply with these standards or regulations is that Defendants have discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendants' markets.

42. As a result of that failure to remedy existing barriers to accessibility, the Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendants' markets, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations. Unless Defendants' markets are brought into compliance, said persons will continue to suffer injury in the future.

## COUNT I
## (UNRUH CIVIL RIGHTS ACT)

43. Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

44. Defendants operate business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.* ("The Unruh Act").

45. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, *et seq.*

46. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

- 12 -
SECOND AMENDED CLASS ACTION COMPLAINT

12

47. Defendants have violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendants. Defendants have also violated the Unruh Act by violating the ADA, as set forth above.

48. Defendants have violated the Unruh Act, by *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its location.

49. In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied access to their location and their facilities to individuals with disabilities and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons.

50. Defendants have violated the Unruh Act by both being in violations of the California Standards and rights provided under the Americans with Disabilities Act of 1990.

51. Further, Defendants have violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in their markets.

52. Plaintiff is being deterred from patronizing Defendants' markets as a result of his actual knowledge of the violations stated above.

53. Pursuant to the remedies, procedures, and rights set forth in Ca. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### COUNT II
### (CALIFORNIA DISABLED PERSONS ACT)

54. Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

55. Defendants operate, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, *et seq.*

56. The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, *et seq.* and relevant provisions of the California building code regulations.

57. The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

58. Defendants have violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendants.

59. Defendants have violated the CDPA by, *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to their markets.

60. In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied access to its markets and its facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

61. Defendants have violated the CDPA by being, as listed above, in violation of both California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

62. Plaintiff is being deterred from patronizing Defendants' markets as a result of her actual knowledge of the violations stated above.

63. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## COUNT III
## (CAL. CIV. CODE SECTION 55)

64. Plaintiff re-alleges and incorporates by reference all of the above allegations set forth in the Complaint as if fully set forth herein.

65. Defendants operate, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of Cal. Civ. Code § 55, *et seq.*

66. The conduct alleged herein violated the Cal. Civ. Code, § 55, *et seq.* and relevant provisions of the California building code regulations.



67. Plaintiff brings this claim to enjoin any technical violations of the California Standards or access laws.

68. In order to enjoin the aforementioned violations, Plaintiff is not required to prove an actual attempt to access Defendants' markets or to prove that the violation results from discrimination.

69. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below.

## COUNT IV

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

70. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein. This Count is brought on behalf of the Class against Defendant.

71. Pursuant to 42 U.S.C. Section 12181(7) and 28 C.F.R. Section 36.104, Defendant owns and/or operate places of public accommodation comprising various facilities which provide document services to the general public. All of Defendant's facilities are public accommodations and are covered by the ADA.

72. The ADA defines illegal discrimination to include, in pertinent part:

    (a) Failure to remove architectural barriers . . . that are structural in nature, in Existing facilities . . . where such removal is readily achievable;

    (b) With respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affect or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path or travel to the altered area . . .[is] readily accessible to and usable by individuals with disabilities where such alterations to the path or travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General); and

(c) failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities.

73. Defendants have been and continue to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. Section 36.304(a); in the alternative, if there has been an alteration to any of Defendants' places of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if any of the Defendants' facilities are one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

74. Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

75. Defendants have discriminated against Plaintiff, and others who are similarly situated, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. Section 12181 et seq. and 28 C.F.R. 36.302 et seq., as described below.

76. Defendants have discriminated and are discriminating against Plaintiff and others similarly situated, in violation of the ADA, by failing to, inter alia, have accessible facilities, as described above, by January 26, 1992.

- 16 -
SECOND AMENDED CLASS ACTION COMPLAINT

77. The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's ADA violations, and, upon information and belief, there are other miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendants' facilities.

78. The correction of these violations of the ADA are readily achievable, or Defendants are obligated to have their places of public accommodation readily accessible as defined by the ADA.

79. To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The effect of Defendants' failure to comply with the ADA is that the Defendant have discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations.

80. As a result of that failure to remedy existing barriers to accessibility, the Plaintiffs and others similarly situated have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendants' markets, and have otherwise been discriminated against and have suffered damages caused by Defendants' ADA violations. Unless Defendant's markets are brought into compliance with the ADA, said persons will continue to suffer injury in the future.

81. Further, Defendants have violated the ADA by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired which have result in discriminatory barriers within their markets. This includes, inter alia, failing to survey and remediate non-accessible restrooms until the company completes a major remodel of a store.

82. Plaintiff, and others similarly situated, either regularly enter and/or use Defendants' markets, would like to enter and/or use Defendants' markets, or may enter and/or use Defendants' markets in the future. Plaintiff is ready, willing and able to patronize Defendants' markets when the discriminatory policies and barriers are removed or cured.

83. In addition, the discriminatory features of Defendants' markets are generally known to the individual plaintiff who is discouraged from patronizing Defendants' markets. Many either avoid the facilities because they are aware of the discriminatory barriers they will encounter there, or attend the markets with knowledge that their access to those facilities will be limited by virtue of Defendant' persistent and pervasive violations of the ADA.

84. The individual plaintiff, and others similarly situated were injured by the discrimination they encountered at Defendants' markets and/or continue to be injured by their inability to patronize Defendants' markets. They have also been injured by the stigma of Defendants' discrimination.

85. Plaintiff's injuries are traceable to Defendants' discriminatory conduct, polices, or lack of polices alleged herein and will be redressed by the relief requested. Plaintiff and others similarly situated have been injured and will continue to be injured by Defendants' failure to comply with the ADA and their continued acts of discrimination.

86. Plaintiff has retained the undersigned counsel. Plaintiff is entitled to recover their attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.

87. Notice to the Defendant is not required as a result of the Defendant' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

88. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

89. Pursuant to 42 U.S.C. Section 12188, this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the Defendant's markets to make those facilities readily accessible to Plaintiffs and all other persons with disabilities as defined by the ADA.

**RELIEF**

WHERFORE, Plaintiff demands judgment against Defendants and requests the following relief:

A. that this Court certify the proposed Class;

B. that this Court certify Plaintiff as class representatives on behalf of the Class;

C. that this Court declare that the policies, procedures, and services, and facilities at the Defendants' markets located in California have been discriminatory and violative of the ADA and therefore are violative of the Unruh Civil Rights Act and the California Disabled Persons Act;

D. that this Court declare that the policies, procedures, services, and facilities of Defendants are discriminatory and violative of the state anti-discrimination statutes of California and the California Standards;

E. that this Court declare that Defendants' violation of the state anti-discrimination statutes of California was intentional.

F. that this Court Order injunctive relief to require Defendants to become in compliance and remain in compliance with state anti-discrimination statutes.

G. that this Court award minimum statutory damages on behalf of the Class against Defendants pursuant to the state statutes identified above;

H. that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

I. that this Court award such other and further relief as it deems necessary, just, proper, and appropriate.

# PROOF OF SERVICE

*Velasco v. The Whole Foods Market, Inc., et. al.*
BC 428347

COMMONWEALTH OF PENNSYLVANIA )
) ss.
COUNTY OF MONTGOMERY )

I, Evan J. Smith, Esquire, declare:

I am over the age of eighteen years, and not a party to the within action; my California business address is 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA 90212 and my Pennsylvania business address is Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004. On December 10, 2010, I served the within documents:

Second Amended Class Action Complaint, Notice to Property Owner as attached to the Stipulation for Leave of Court to file Second Amended Complaint.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m PST.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Bala Cynwyd, PA, addressed as set forth below.

Derek Havel, Esquire
Sheppard Mullin
333 S. Hope Street, 43rd Floor
Los Angeles, CA 90071-1448

Attorneys for Defendant Mrs. Gooch's
Natural Food Markets, Inc.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 10, 2010 at Bala Cynwyd, PA.

Evan J. Smith, Esquire

- 21 -
SECOND AMENDED CLASS ACTION COMPLAINT