1  determined to be valid by the Claims Administrator shall be eligible for an award from the

2  Damages Settlement Fund.

3

4              12.3.5 Disputed Claims. If upon initial review of the Claim Form, the

5  Claims Administrator is unable to determine the validity of the claim, the Claims Administrator

6  shall so notify the Claimant in writing and state the reasons why the information contained on

7  the Claim Form is insufficient to determine the validity of the claim. The Claimant shall be

8  given thirty (30) days from the date of mailing of the notification in which to supplement or

9  amend the Claim Form or provide such other information he or she wishes to assist the Claims

10  Administrator in determining the validity of the claim. Upon further review of the Claim Form,

11  including such additional information as may be submitted by the Claimant, the Administrator

12  shall (i) approve the claim, in which case, the Claimant is eligible for an award from the

13  Damages Settlement Fund; or (ii) reject the claim.

14

15              12.3.6 Rejected Claims. If the Claims Administrator rejects a claim as

16  not meeting the terms or provisions of this Agreement, the Administrator shall so notify the

17  Claimant in writing.

18

19              12.3.7 Deadline for Administrative Review of All Claims. The Claims

20  Administrator shall complete its review and issue a determination as to claim eligibility of all

21  Claim Forms within thirty (30) days of the deadline for submission of Claim Forms set forth in

22  Paragraphs 12.3.2-3.

23

24              12.3.8 Determination – Final and Binding. All determinations of the

25  Claims Administrator shall be final, binding and non-appealable. Whole Foods shall have no

26  responsibility for or role in the claims determination process.

27

28         12.4    Class Monetary Distribution.

-20-

1             12.4.1.1   The purpose of this Paragraph is to distribute the

2  Damages Settlement Fund by: distributing the Specific Fund to Eligible Claimants who

3  personally encountered a violation on a particular occasion at a Whole Foods Store located in the

4  State of California between the December 21, 2007, and the deadline for Opt-Out Statements or

5  (2) has been deterred from accessing a Whole Foods Store located in the State of California

6  between the December 21, 2007, and the deadline for Opt-Out Statements by: a) having actual

7  knowledge of a violation(s) that prevented or reasonably dissuaded access and b) the violation(s)

8  would have actually denied the individual full and equal access.

9

10             12.4.2  Distribution of Funds.

11

12             12.4.2.1   The Damages Settlement Fund will be distributed only to

13  Eligible Claimants who visited, or attempted to visit, one or more Whole Foods Stores within that

14  State of California and were actually deterred by a barrier to access.

15

16             12.4.2.2   Each Eligible Class member shall receive a Pro Rata

17  share of the Damages Settlement Fund, net after court approved administrative costs are taken out,

18  up to a maximum of $4,000.00. For example, if there are 100 Eligible Claimants, and $100,000 in

19  court approved administration costs taken out of the Damages Settlement Fund, each Eligible

20  Claimant would receive $4,000 out of the Damages Settlement Fund. However, if there are 1,000

21  Eligible Claimants under the same example, each Eligible Claimant would receive $400.00 out of

22  the Damages Settlement Fund.

23

24             12.4.2.3   In the event that the Damages Settlement Fund is not

25  completely disbursed to Eligible Claimants, all remaining Damages Settlement Fund monies shall

26  be used to increase accessibility at the Whole Foods Stores. Whole Foods agrees to use all of the

27  aforementioned monies within 24 months after Final Approval and shall provide Class Counsel

28  with an accounting within thirty (30) days after any remaining Class Fund is spent.

-21-

1                         12.4.2.4     No later than ten (10) days after the deadline for

2 completion of the claims determination process set forth in Paragraph 12.3, the Claims

3 Administrator shall provide Class Counsel and Whole Foods with a list of the names, addresses,

4 telephone numbers, email addresses, a copy of the claims forms, and the pro rata amount of the

5 validated claim from the Damages Settlement Fund, of all persons who have submitted claims in

6 connection with the above-captioned lawsuit.

7

8                         12.4.2.5     Not later than fourteen (14) calendar days after the

9 Effective Date, the Claims Administrator and/or Whole Foods shall cause to be mailed, via

10 certified mail, return receipt requested, checks in the amounts specified in the claims

11 determination process, and 1099 forms to Eligible Claimants.  Not later than fourteen (14)

12 calendar days after the Effective Date, the Claims Administrator and/or Whole Foods shall also

13 cause to be mailed Attorneys' Fees and Incentive Award.  All checks shall be negotiable for no

14 more than one (1) year from the date of mailing.

15

16                         12.4.2.6     All returned checks of Claimants for whom no additional

17 address is obtained shall be held by the Claims Administrator for sixty (60) days.  If no claim is

18 made for such checks during this time period, the funds from such checks shall become part of the

19 funds to be allocated in accordance with Paragraph 12.4.3.3 of this Agreement.

20

21       13.      **Opt-Out Right.**

22

23             13.1     Any potential Settlement Class Member (but not a Named Plaintiff) may

24 request exclusion from the class for purposes of monetary relief only.  Potential Settlement Class

25 Members who wish to opt out of the class for purposes of participation in the monetary portion of

26 the settlement must submit a written and signed request for exclusion ("Opt¬Out Statement") to

27 the Claims Administrator.  Opt-Out Statements must be postmarked and mailed to the Claims

28

1   Administrator no later than twenty-one days prior to the Final Approval Hearing Date set by the

2   Court. The Opt-Out Statement shall, at minimum, contain the following language:

3

4                 I wish to opt out of the money portion of the settlement of this case.

5                 I understand that by requesting to be excluded from the class

6                 monetary settlement, I will receive no money from the settlement

7                 funds created in accordance with the Agreement entered into by

8                 Whole Foods. I understand that if I am excluded from the class

9                 monetary settlement, I may bring a separate action seeking damages.

10                I understand that in any separate lawsuit, I may receive nothing or

11                less than I would have received if I had filed a claim under the

12                monetary provisions of this Agreement. I also understand that I may

13                not seek exclusion from the non-monetary relief set forth in the

14                Agreement, and that I will be bound by the class injunctive

15                provisions of the Agreement entered into by Whole Foods if the

16                Agreement is approved by the Court.

17

18        13.2     To the extent a potential Settlement Class Member submits an Opt-Out

19   Statement with language that differs from the foregoing; either party reserves the right to seek

20   review of the Court to have the Opt-Out Statement declared valid or invalid. All potential

21   Settlement Class Members who do not timely opt out of the damages provisions of this Agreement

22   shall be bound by the resolution of any and all issues arising in connection with the Settlement

23   Class claims for damages and attorneys' fees.

24

25        13.3     No Settlement Class Member may opt out of the injunctive relief provisions

26   of this Agreement. No Named Plaintiff may opt out of any of the provisions of this Agreement.

27

28

1          13.4  The Claims Administrator shall stamp the date received on the original of

2  any Opt-Out Statement it receives and serve copies of the Opt-Out Statement on Class Counsel

3  and Whole Foods' counsel no later than three (3) business days after receipt thereof and shall file

4  the date-stamped originals of any Opt-Out Statements with the Clerk of the Court no later than

5  ten (10) calendar days prior to the date set for the Fairness Hearing. To the extent any Opt-Out

6  Statements are received by the Claims Administrator after twenty-one calendar days prior to the

7  Final Fairness Hearing, the Claims Administrator will forward them to Class Counsel and Whole

8  Foods' counsel immediately, and file them with the Court as soon as possible after receipt. The

9  Claims Administrator shall retain copies of all Opt-Out Statements in its files until such time as

10  the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

11

12          13.5  In the event that the number of Opt-Out Statements either exceeds twenty-

13  five (25) individuals or exceeds the number of Claimants, Whole Foods, at its sole discretion may

14  elect to void this Agreement and resume litigation. A Party electing to void the Agreement

15  pursuant to this Paragraph is required to give notice of its intent to void the Agreement within

16  fourteen (14) days of the close of the claims period but in no event later than 24 hours prior to the

17  Final Fairness Hearing, whichever is earlier.

18

19      14.  **Additional Information to Class Counsel.**

20

21          14.1  Class Counsel may reasonably make a written request for additional

22  information regarding any matter covered by this Agreement if such additional information is

23  necessary to determine whether Whole Foods is in compliance with this Agreement.

24

25          14.2  Whole Foods shall provide such additional information or state its objection

26  to providing such information within fourteen (14) days of its receipt of a written request by Class

27  Counsel.

28

-24-

1    14.3    If either Party disagrees concerning information to be provided pursuant to

2    Paragraph 15, either Party may submit the matter to Dispute Resolution.

3

4    15.    **Periodic Meetings between the Parties and Annual Report to the Court.**

5

6    15.1    Class Counsel and Whole Foods will meet once every ninety (90) days until

7    the first anniversary of Final Approval, and once every one hundred twenty (120) days thereafter,

8    to discuss and review the implementation of this Agreement.  Such meetings may be either in

9    person or by telephone, as the Parties agree.

10

11    15.2    Each year during the Term of the Agreement on the anniversary of the date

12    of Final Approval, the Parties shall submit a report to the Court, stating the status of the

13    implementation of this Agreement and identifying any outstanding issues on which the Parties are

14    then in disagreement.

15

16    16.    **Dispute Resolution.**

17

18    16.1    The Parties shall address disputes relating to the provisions of this

19    Agreement as follows:

20

21    16.1.1  Informal dispute resolution

22

23    16.1.1.1    If either Party believes that a dispute exists relating to the

24    provisions of this Agreement, it shall notify the other Party in writing, describing the dispute.  The

25    other Party shall respond in writing to such notice within fifteen (15) business days of receipt of

26    the notice.

27

28

-25-

SETTLEMENT AGREEMENT

46

1        16.1.2  Within fifteen (15) business days of receipt of the response

2    described in Paragraph 16.1.1, counsel for both Parties shall meet and confer by telephone or in

3    person and attempt to resolve the issue informally. If the Parties believe it would be useful to

4    enter mediation on the issue in dispute, they may agree to do

5

6        16.1.3  Each party shall be responsible for its own attorneys' fees and

7    costs incurred in pursuing informal dispute resolution pursuant to Paragraph 16.1.1.

8

9        16.2    Submission to the Court.

10

11        16.2.1  If the meet and confer process pursuant to Paragraph 16.1.2

12   above does not result in a resolution of the dispute within a reasonable time, any Party may

13   make a motion for resolution of the dispute by any Los Angeles Superior Court Judge who may

14   be assigned to the case.

15

16        16.2.2  In the event either Party finds that is it necessary to seek

17   resolution of the dispute by the Court, the Court the parties will bear their own expense,

18   including attorneys' fees and costs, in making said motion to the Court.

19

20

21

22

23

24

25

26

27

28

47

1    17.    **Attorneys' Fees and Costs.**  Subject to Court approval, Whole Foods agrees to pay
2  Class Counsel's reasonable attorneys' fees incurred or that will be incurred in connection with this
3  matter, including Class Counsel's prospective obligations under this Agreement, in an amount up
4  to $250,000.00.  Whole Foods and/or the Claims Administrator shall pay the amount of Court
5  awarded attorneys' fees and costs, and any applicable interest, to Brodsky & Smith, LLC within
6  fourteen calendar (14) days of the Effective Date of this Agreement.

7

8    18.    **Preliminary Approval, Objections and Fairness Hearing.**

9

10    18.1    Promptly after execution of this Agreement, Plaintiffs shall promptly file
11  preliminary approval papers to preliminarily approve the Agreement, preliminarily certify the
12  Class for settlement purposes only, preliminarily enjoin Settlement Class Members from bringing
13  any claims to be released pursuant to this Agreement, and approve the proposed form of Notice
14  and plan for providing Notice submitted by the Parties.  The Proposed Notice Plan is attached
15  hereto as Exhibit "3," the Proposed Long Form Notice is attached hereto as Exhibit "4," and the
16  Summary Notice Form is attached hereto as Exhibit "5."

17

18    18.2    Class Counsel shall ask the Court to schedule a fairness hearing for final
19  approval of the Agreement (the "Fairness Hearing") for approximately 90-120 days from the
20  Preliminary Approval hearing, or as soon thereafter as the Court may set the hearing.

21

22    18.3    Class Counsel and Whole Foods shall ask the Court to order the following
23  procedures for objections:  Any Settlement Class Member may object to the proposed Agreement
24  by filing, no later than twenty-one (21) days prior to the Final Fairness Hearing set by the Court,
25  written objections with the Clerk of the Court by stating the disability the objector has, the date,
26  time and location of the Whole Foods store the objector went to, the grounds for the objection, and
27  the case name, docket number and court in which the objector and his/her attorney has filed an
28  objection to a class settlement in the past three years.  Objections must comply with this paragraph

-27-

1  or will waive the right to object to this Settlement.  Only such objecting Settlement Class

2  Members shall have the right, and only if they expressly seek it in their objection, to present

3  objections orally at the Fairness Hearing.  Also, only such objecting Settlement Class Members

4  who have followed the above procedures shall have the right to file an appeal of any Final

5  Approval.  A Settlement Class Member who has not filed a timely objection as outlined above

6  shall not have the right to appeal any portion of the Final Approval Order.  The Parties Final

7  Approval Papers, and any Responses by Whole Foods and Class Counsel to any timely-filed

8  objections, shall be made no later than seven (7) calendar days before the Fairness Hearing.

9

10         19.    **Judgment, Final Approval and Dismissal.**

11

12         19.1    At the time of the Fairness Hearing, Whole Foods and Class Counsel shall

13  jointly request that the Court enter a Final Judgment and Order in a form agreeable to the Parties

14  granting Final Approval of this Agreement, finally certifying the Class for settlement purposes

15  only, and enjoining Settlement Class Members from asserting any Released Injunctive Claims or

16  Released Damages Claims.  The Proposed Final Judgment and Order is attached hereto as Exhibit

17  "7."  Among other things, the Final Judgment and Order shall attach this Agreement as an exhibit

18  and shall provide that the Court retains jurisdiction through the Term of this Agreement in order to

19  enforce this Agreement.

20

21         19.2    The Court shall enter a Dismissal with prejudice of all claims being released

22  upon entering the Final Approval Order, retaining jurisdiction to enforce the terms of the

23  Settlement Agreement.

24

25         20.    **Releases.**

26

27         20.1    Release of Claims for Injunctive and Declaratory Relief

28

-28-

1        20.1.1  Effective on the date of Final Approval, Named Plaintiff and all

2   Settlement Class Members and each of their executors, successors, heirs, assigns,

3   administrators, agents and representatives (collectively, the "Injunctive and Declaratory

4   Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is

5   expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and

6   discharge Whole Foods and its present and former parents and subsidiaries and each of their

7   respective present, former or future officers, directors, employees, shareholders, administrators,

8   executors, affiliates, successors and assigns (collectively, the "Whole Foods Parties") from the

9   Released Injunctive and Declaratory Relief Claims as defined below.

10

11        20.1.2  The "Released Injunctive and Declaratory Relief Claims" are any

12  and all past and/or present claims, rights, demands, charges, complaints, actions, suits and

13  causes of action, obligations or liabilities of any and every kind, whether known or unknown,

14  suspected or unsuspected, accrued or unaccrued, for injunctive, declaratory or other non-

15  monetary relief, however described, based on conduct preceding Final Approval of this

16  Agreement that were brought, could have been brought or could be brought through the

17  expiration date of this agreement that relate in any way to the accessibility of Whole Foods

18  Stores to persons who are mobility impaired or who use wheelchairs under:

19

20        20.1.2.1  Title III of the Americans with Disabilities Act, 42

21  U.S.C. §§ 12181 et seq., and all rules and regulations promulgated thereunder;

22

23        20.1.2.2  Cal. Code Regs., Title 24 and all rules and regulations

24  promulgated thereunder, and any other provision of California law to the extent it grants a right of

25  action for alleged violations of the foregoing; and

26

27        20.1.2.3  Any state or local statutory, administrative, regulatory or

28  code provisions, including, but not limited to Cal. Civ. Code §§ 51 & 54 *et seq.,* that either

-29-

(a) directly incorporate Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth standards or obligations coterminous with or equivalent to Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder.

20.1.3  The "Released Injunctive and Declaratory Relief Claims" also include all claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, known or unknown, for injunctive, declaratory or other non-monetary relief, however described, (collectively, for this subparagraph, "claims") based on conduct that occurs after Final Approval of this Agreement and during the Term of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct (including physical conditions at Whole Foods Stores) that are in compliance with the terms of this Agreement.

20.2     Release of Claims for Damages, Attorneys Fees, and Costs.

20.2.1  Effective on the date of Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agent and representatives (collectively, the "Damages Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge the Whole Foods Parties from the Released Damages Claims as defined below.

20.2.2  The "Released Damages Claims" are any and all past, present, or future, extending through the expiration date of this agreement, claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for damages (excepting personal injury damages resulting from physical injury) and attorneys fees

-30-

1     and costs based upon conduct, preceding Final Approval of this Agreement that were brought,

2     could have been brought or could be brought now or through the expiration of this agreement

3     that relate in any way to the accessibility of Whole Foods Stores to persons who use

4     wheelchairs for mobility. Released claims also include claims arising under Title III of the

5     Americans with Disabilities Act, Cal. Code Regs., Title 24 or any California state or local

6     statutory, administrative, regulatory or code provisions, including, but not limited to Cal. Civ.

7     Code §§ 51 & 54 et seq., that either (a) directly incorporate Title III of the Americans with

8     Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth

9     standards or obligations coterminous with or equivalent to Title III of the Americans with

10    Disabilities Act or any of the rules or regulations promulgated thereunder.

11

12    20.2.3 The "Released Damages Claims" also include any and all past,

13    present, or future, extending through the expiration of this agreement, claims, rights, demands,

14    charges, complaints, actions, suits, causes of action, obligations or liabilities of any kind,

15    known or unknown, for damages and attorneys fees (collectively, for this subparagraph,

16    "claims"), except personal injury claims involving physical injury, based upon conduct that

17    occurs after Final Approval of this Agreement and during the Term of this Agreement to the

18    extent that such claims arise out of or relate to actions, omissions, or conduct (including

19    physical conditions at Whole Foods Stores) that are in compliance with the terms of this

20    Agreement.

21

22    20.2.4 The Released Damages Claims do not include personal injury

23    claims involving physical injury to a plaintiff.

24

25    20.3    Known or Unknown Claims. The Damages Releasing Parties and the

26    Injunctive Releasing Parties shall collectively be referred to as the "Releasing Parties." The

27    Releasing Parties understand and expressly agree that this AGREEMENT extends to all claims of

28    every nature and kind, known or unknown, suspected or unsuspected, past, present, or future,

-31-

1  arising from or attributable to any conduct of the Whole Foods Parties, whether known by the
2  Releasing Parties or whether or not any Releasing Party believes he or she may have any claims,
3  and that any and all rights granted to the Releasing Party under Section 1542 of the California
4  Civil Code or any analogous state law or federal law or regulations, are hereby expressly
5  WAIVED, if applicable.  Said Section 1542 of the California Civil Code reads as follows:

6

7           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
8           WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
9           EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
10          THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
11          HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
12          WITH THE DEBTOR.

13

14      21.    **No Third Party Beneficiaries.**

15

16          21.1    Nothing in this Agreement, express or implied, is intended to or shall confer
17  upon any person or entity not a Party to this Agreement any right, benefit or remedy of any nature
18  whatsoever under or by reason of this Agreement.

19

20          21.2    For purposes of interpreting or enforcing this Agreement, individual
21  Settlement Class Members shall not be deemed to be third-party beneficiaries of this Agreement.
22  Only the Named Plaintiff through Class Counsel may seek to enforce the terms of this Agreement
23  through the Dispute Resolution process provided for herein or before the Court. To the extent
24  individual Settlement Class Members have complaints regarding Whole Foods' implementation of
25  the terms of this Agreement; they should bring them to the attention of the Named Plaintiff and/or
26  Class Counsel.

27

28

-32-

1       22.    **Entire Agreement.** This Agreement contains all the agreements, conditions,

2 promises and covenants among Whole Foods, Named Plaintiff, Class Counsel, the Settlement

3 Class, regarding matters set forth in it and supersedes all prior or contemporaneous agreements,

4 drafts, representations or understandings, either written or oral, with respect to the subject matter

5 of the present Agreement.

6

7       23.    **Communications to Whole Foods and Class Counsel.** All notices or

8 communications required by this Agreement to counsel of record shall be in writing by facsimile

9 and U.S. Mail or overnight delivery service addressed as follows:

10

11         23.1    To Class Counsel:

12

13              Evan J. Smith
             Brodsky & Smith, LLC

14              Two Bala Plaza, Suite 602
             Bala Cynwyd, PA 19004

15

16         23.2    To Whole Foods:

17

18              Derek R. Havel
             Sheppard, Mullin, Richter & Hampton LLP

19              333 South Hope Street
             Forty-Third Floor

20              Los Angeles, California 90071

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT

1    24.   **Modification.**  Prior to Final Approval, this Agreement can only be amended by
2    written agreement of the Parties hereto.  Following Final Approval, no modification of this
3    Agreement shall be effective unless it is pursuant to Court Order.

4

5    25.   **Severability.**  If any provision or any part of this Agreement thereof shall at any
6    time be held unlawful, or inconsistent with applicable law, in whole or in part, under any federal,
7    state, county, municipal or other law, ruling or regulation, then the remaining provisions of this
8    Agreement shall remain effective and enforceable.

9

10   26.   **Drafting of this Agreement.**  This Agreement is deemed to have been drafted by
11   all Parties hereto, as a result of arm's length negotiations among the Parties.  Whereas all Parties
12   have contributed to the preparation of this Agreement, it shall not be construed more strictly
13   against one Party than another.

14

15   27.   **Execution by Facsimile and in Counterparts.** This Agreement may be executed
16   by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken
17   together shall be deemed to constitute one and the same agreement.

18

19   28.   **Duty to Support and Defend Agreement.**  Named Plaintiff, Class Counsel and
20   Whole Foods each agree to abide by all of the terms of this Agreement in good faith and to
21   support it fully, and shall use their best efforts to defend this Agreement from any legal challenge,
22   whether by appeal or collateral attack.

23

24   29.   **Continuing Jurisdiction.**  The Parties agree that the Los Angeles Superior Court
25   shall have continuing jurisdiction throughout the Term of this Agreement to interpret and enforce
26   this Agreement.

27

28

-34-

SETTLEMENT AGREEMENT

1        30.     **Deadlines.** The Parties and Court recognize that from time to time unforeseen

2 events, such as exigent business circumstances, labor disputes, natural disasters, personnel issues,

3 and negotiations with third parties, cause delays in the accomplishment of objectives no matter

4 how well intentioned and diligent the Parties may be. Accordingly, with regard to the provision

5 for this Agreement that require that certain acts be taken within specified periods, the Parties

6 understand and agree that Court approval shall not be required for reasonable extensions of

7 deadlines. In the event that any Party determines that an action required by this Agreement cannot

8 be taken within the specified time period, that Party shall promptly notify the other Parties that it

9 anticipates a delay, the reasons for the delay and a proposed alternative deadline. The Parties shall

10 endeavor to cooperate in reasonably rescheduling such deadlines. However, if the other Party

11 does not agree to the proposed delay, the Parties shall submit the matter to Dispute Resolution.

12

13 **APPROVED AS TO CONTENT:**

14

15 Dated: _March 17, 2011_        By: _____

16                              KIRBY VELASCO, Plaintiff

17

18 **APPROVED AS TO CONTENT:**

19

20 Dated:                              By: _____

21                              MRS. GOOCH'S NATURAL FOODS MARKET, INC., Defendant

22

23 Dated:                              By: _____

24                              WHOLE FOODS MARKET CALIFORNIA, INC., Defendant

25

26

27

28

-35-

SETTLEMENT AGREEMENT

03/16/2011  21.55  662 429-8799          One Stop POSTAL                    #1148 P 002/002

1       30.   **Deadlines.** The Parties and Court recognize that from time to time unforeseen

2   events, such as exigent business circumstances, labor disputes, natural disasters, personnel issues,

3   and negotiations with third parties, cause delays in the accomplishment of objectives no matter

4   how well intentioned and diligent the Parties may be.  Accordingly, with regard to the provision

5   for this Agreement that require that certain acts be taken within specified periods, the Parties

6   understand and agree that Court approval shall not be required for reasonable extensions of

7   deadlines.  In the event that any Party determines that an action required by this Agreement cannot

8   be taken within the specified time period, that Party shall promptly notify the other Parties that it

9   anticipates a delay, the reasons for the delay and a proposed alternative deadline.  The Parties shall

10  endeavor to cooperate in reasonably rescheduling such deadlines.  However, if the other Party

11  does not agree to the proposed delay, the Parties shall submit the matter to Dispute Resolution.

12

13  **APPROVED AS TO CONTENT:**

14

15  Dated: _March 17, 2011_            By: _____
                                        KIRBY VELASCO, Plaintiff
16

17

18  **APPROVED AS TO CONTENT:**

19

20  Dated: _3/21/11_                   By: _____
                                        MRS. GOOCH'S NATURAL FOODS MARKET,
21                                      INC., Defendant

22

23  Dated:                             By: _____
                                        WHOLE FOODS MARKET CALIFORNIA, INC.,
24                                      Defendant

25

26

27

28

-35-

SETTLEMENT AGREEMENT

PAGE 02/02        BRODSKY & SMITH, LLC        6196672629        03/17/2011  18:39

51

1        30.    **Deadlines.**  The Parties and Court recognize that from time to time unforeseen

2    events, such as exigent business circumstances, labor disputes, natural disasters, personnel issues,

3    and negotiations with third parties, cause delays in the accomplishment of objectives no matter

4    how well intentioned and diligent the Parties may be.  Accordingly, with regard to the provision

5    for this Agreement that require that certain acts be taken within specified periods, the Parties

6    understand and agree that Court approval shall not be required for reasonable extensions of

7    deadlines.  In the event that any Party determines that an action required by this Agreement cannot

8    be taken within the specified time period, that Party shall promptly notify the other Parties that it

9    anticipates a delay, the reasons for the delay and a proposed alternative deadline.  The Parties shall

10   endeavor to cooperate in reasonably rescheduling such deadlines.  However, if the other Party

11   does not agree to the proposed delay, the Parties shall submit the matter to Dispute Resolution.

12

13   **APPROVED AS TO CONTENT:**

14

15   Dated:                          By: _____

16                                      KIRBY VELASCO, Plaintiff

17

18   **APPROVED AS TO CONTENT:**

19

20   Dated:                          By: _____

21                                      MRS. GOOCH'S NATURAL FOODS MARKET, INC., Defendant

22

23   Dated:                          By: _____

24                                      WHOLE FOODS MARKET CALIFORNIA, INC., Defendant

25

26

27

28

-35-

SETTLEMENT AGREEMENT

58

1

2 **APPROVED AS TO FORM**

3 Dated: 3-17-11                        BRODSKY & SMITH, LLC

4                                       BY: _____

5                                           EVAN SMITH
                                            Class Counsel
6 Dated:                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                                       BY: _____

                                            DEREK R. HAVEL
9                                           SHEPPARD, MULLIN
                                            Attorneys for Defendants
10                                          MRS. GOOCH'S NATURAL FOODS
                                            MARKET, INC. and WHOLE FOODS
11                                          MARKET CALIFORNIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-36-

59

1

2  **APPROVED AS TO FORM**

3  Dated:                                    BRODSKY & SMITH, LLC

4
                                            BY: _____
5                                                 EVAN SMITH
                                                  Class Counsel
6  Dated:   3/21/11                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                                           BY: _____
                                                 DEREK R. HAVEL
9                                                SHEPPARD, MULLIN
                                                Attorneys for Defendants
10                                               MRS. GOOCH'S NATURAL FOODS
                                                MARKET, INC. and WHOLE FOODS
11                                               MARKET CALIFORNIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-36-

60

# EXHIBIT "1"

61