SUPERIOR COURT OF CALIFORNIA

LOS ANGELES COUNTY

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC.,<br><br>Defendants. | CASE NO.: BC428347<br><br>JUDGE:   Rita Miller<br><br>DEPT.:   16<br><br>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS who at any time from December 21, 2007, through _____, were mobility impaired, used, use or will use wheelchairs or other devices for mobility, and who patronized any Whole Foods Store or who allege they would have patronized at one or more Whole Foods Store but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such Whole Foods Store(s). ("Settlement Class")

### PLEASE READ THIS NOTICE CAREFULLY.
### YOUR RIGHTS MAY BE AFFECTED.

1. The purpose of this notice is to inform you of a proposed settlement (the "Settlement") of a certified class action lawsuit (the "Action") against Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. (collectively referred to as "Whole Foods"). The Action is currently pending in the Superior Court of the State of California, County of Los Angeles, BC428347 (the "Court").

2. This notice is intended (1) to inform you of the Settlement of the Action, (2) to describe the settlement and how the Settlement may affect you, and (3) to advise you of your rights and options with respect to the Settlement, including making a claim, opting out of the settlement and/or objecting thereto.

### DESCRIPTION OF THE ACTION

3. Plaintiff Kirby Velasco filed the Action on or about December 21, 2009 and alleges the following: That Whole Foods stores owned and/or operated by Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. in California have physical

        barriers and other conditions that deny full and equal access to persons with mobility disabilities.

4. Plaintiff's complaint includes the following causes of action: (1) violation of the Disabled Persons Act, (2) violation of the Unruh Civil Rights Acts, (3) violation of Civil Code section 55.1 and (4) violations of the Americans with Disabilities Act. Plaintiff sought equitable relief, including an injunction requiring Defendants to bring its stores into compliance with the applicable accessibility requirements of state and federal law, as well as statutory damages under the Unruh Act. On _____, the Court preliminarily approved the certification of the class.

5. Whole Foods denies that it engaged in any illegal or discriminatory practices or activity towards the Class.

6. Plaintiff and the Class are represented in this action by Brodsky & Smith, LLC ("Class Counsel"). Class Counsel have concluded that it is in the best interests of plaintiff and the Class that the Action be settled on the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement") on file with the Court and summarized in this notice. Class Counsel reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits that plaintiff and the members of the Class will receive under the Settlement Agreement, the risks and uncertainties of continued litigation and the expense that would be necessary to prosecute the Action through trial and any appeals that might be taken. Class Counsel recommends that the Court approve the Settlement Agreement.

7. This notice is not an expression of any opinion by the Court regarding the merits of the claims or defenses asserted by any party to the Action. Moreover, although the Court has granted preliminary approval of the Settlement, it has made no determination concerning whether the Settlement should receive final approval. That decision will be made at or after the Final Settlement Hearing described below.

## TERMS OF THE SETTLEMENT

8. The Settlement Agreement on file with the Court fully describes the terms of the Settlement. In general, the Settlement provides that Whole Foods will retain a California Certified Access Specialist to inspect each of its California stores and within 30 months will correct those physical conditions identified to be in need of correction. The Settlement agreement also provides a Damages Fund of $500,000.00 as a monetary payment to the Class for damages. The Damages Fund will be distributed, after costs of administration, on a pro rata basis to all eligible claimants that fill out and sumbit a valid claim form. The amount of money issued to each eligible claimant will depend upon the total number of eligible claims submitted. The maximum amount each eligible Claimant can receive is $4,000. However a eligible Claimant will receive less than $4,000 if there are more than 125 eligible Claimants. The class settlement does not release any claims class members had, have or may have in the future for personal injury claims based upon a physical injury.

9. Defendants also agreed to pay Plaintiff Velasco an incentive award, subject to Court approval, in an amount not to exceed $10,000.00 for bringing this action and serving as a class representative and achieving the terms of this settlement. Any incentive award approved by the Court will come out of the Damages Fund prior to the pro rata share being distributed to class members.

10. Pursuant to the Settlement Agreement, Class Counsel will apply to the Court for approval of attorneys' fees and reimbursement of costs, not including costs of notice and administration, in the amount of $250,000.00. The costs of notice to the class and administration of the fund will come out of the Damages Fund. Any attorney's fees and costs award is to be paid by the Defendant separately and will not come out of the Damages Fund.

11. On _____, the Court issued an Order (the "Preliminary Approval Order") which, among other things, granted preliminary approval to the Settlement and established procedures for this Notice, Final Approval of the Settlement and other related matters.

12. If the Settlement receives Final Approval from the Court, the Action will be dismissed with prejudice and all members of the Class will be barred from commencing, prosecuting or continuing to prosecute against Whole Foods, its predecessors, successors and its present and former parents, partners, subsidiaries and affiliates, employees, agents, assigns, representatives, heirs, executors and administrators, any and all claims, causes of action or lawsuits, which they had or have arising out of or based upon the matters alleged in the Action.

## RELEASE OF CLAIMS

13. **Release Language.**

   a. All Settlement Class Members Shall Release Claims for Injunctive and Declaratory Relief as follows:

   i. Effective on the date of Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agents and representatives (collectively, the "Injunctive and Declaratory Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge Whole Foods and its present and former parents and subsidiaries and each of their respective present, former or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors and assigns (collectively, the "Whole Foods Parties") from the Released Injunctive and Declaratory Relief Claims as defined below.

   ii. The "Released Injunctive and Declaratory Relief Claims" are any and all past and/or present claims, rights, demands, charges, complaints, actions, suits and causes of action, obligations or liabilities of any and every kind,

81

whether known or unknown, suspected or unsuspected, accrued or unaccrued, for injunctive, declaratory or other non-monetary relief, however described, based on conduct preceding Final Approval of this Agreement that were brought, could have been brought or that relate in any way to the accessibility of Whole Foods Stores to persons who are mobility impaired or who use wheelchairs under:

(1) Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and all rules and regulations promulgated thereunder;

(2) Cal. Code Regs., Title 24 and all rules and regulations promulgated thereunder, and any other provision of California law to the extent it grants a right of action for alleged violations of the foregoing; and

(3) Any state or local statutory, administrative, regulatory or code provisions, including, but not limited to Cal. Civ. Code §§ 51 & 54 et seq., that either (a) directly incorporate Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth standards or obligations coterminous with or equivalent to Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder.

iii. The "Released Injunctive and Declaratory Relief Claims" also include all claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, known or unknown, for injunctive, declaratory or other non-monetary relief, however described, (collectively, for this subparagraph, "claims") based on conduct that occurs after Final Approval of this Agreement and during the Term of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct (including physical conditions at Whole Foods Stores) that are in compliance with the terms of this Agreement.

b. All Settlement Class Members Who Do Not Timely Opt-Out Shall Release Claims for Damages, Attorneys Fees, and Costs as follows:

i. Effective on the date of Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agent and representatives (collectively, the "Damages Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge the Whole Foods Parties from the Released Damages Claims as defined below.

    ii.    The "Released Damages Claims" are any and all past, present, or future, extending through the expiration date of this agreement, claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for damages (excepting personal injury damages resulting from physical injury) and attorneys fees and costs based upon conduct, preceding Final Approval of this Agreement that were brought, could have been brought or could be brought now or through the expiration of this agreement that relate in any way to the accessibility of Whole Foods Stores to persons who use wheelchairs for mobility. Released claims also include claims arising under Title III of the Americans with Disabilities Act, Cal. Code Regs., Title 24 or any California state or local statutory, administrative, regulatory or code provisions, including, but not limited to Cal. Civ. Code §§ 51 & 54 et seq., that either (a) directly incorporate Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth standards or obligations coterminous with or equivalent to Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder.

    iii.    The "Released Damages Claims" also include any and all past, present, or future, extending through the expiration of this agreement, claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any kind, known or unknown, for damages and attorneys fees (collectively, for this subparagraph, "claims"), except personal injury claims involving physical injury, based upon conduct that occurs after Final Approval of this Agreement and during the Term of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct (including physical conditions at Whole Foods Stores) that are in compliance with the terms of this Agreement.

    iv.    The Released Damages Claims do not include personal injury claims involving physical injury to a plaintiff.

c.    <u>Known or Unknown Claims</u>. The Damages Releasing Parties and the Injunctive Releasing Parties shall collectively be referred to as the "Releasing Parties." The Releasing Parties understand and expressly agree that this AGREEMENT extends to all claims of every nature and kind, known or unknown, suspected or unsuspected, past, present, or future, arising from or attributable to any conduct of the Whole Foods Parties, whether known by the Releasing Parties or whether or not any Releasing Party believes he or she may have any claims, and that any and all rights granted to the Releasing Party under Section 1542 of the California Civil Code or any analogous state law or federal law or regulations, are hereby expressly WAIVED, if applicable. Said Section 1542 of the California Civil Code reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## HOW TO MAKE A CLAIM

14. **Claim Form.**

    a. To be eligible to file a claim in this case, you must be an individual who is mobility impaired or used or uses a wheelchair, scooter or other device for mobility and whose access to a Whole Foods store located in California during the period of time from December 21, 2007 through the date of Preliminary Approval by the court was hindered or deterred because of Architectural or Other Barriers. If you satisfy these criteria and have not previously signed a release of any claims you may have against Whole Foods you may be eligible to receive money damages.

    b. You cannot participate in this claims process if you filed an Opt Out statement requesting to be excluded from the monetary relief portions of this case.

    c. You must follow the instructions on the Claim Form completely to submit a valid Claim Form

    d. Your Claim Form must be mailed and <u>postmarked</u> on or before _____, 2011 or <u>your claim will be denied.</u> To insure that you have a record of your claim and date of mailing, we suggest that you keep a copy of your signed Claim Form and mail the original Claim Form by certified mail and keep a copy of the postmarked certified mail receipt. (Certified mail is suggested, but not required.)

## OPTING OUT OF SETTLEMENT

15. Any potential Settlement Class Member may request exclusion from the class for purposes of monetary relief only. Potential Settlement Class Members who wish to opt out of the class for purposes of participation in the monetary portion of the settlement must submit a written and signed request for exclusion ("Opt¬Out Statement") to the Claims Administrator. Opt-Out Statements must be postmarked and mailed to the Claims Administrator no later than twenty-one days prior to Final Approval Hearing Set by Court (_____, 2011). The Opt-Out Statement shall, at minimum, contain the following language:

84

I wish to opt out of the money portion of the settlement of this case. I understand that by requesting to be excluded from the class monetary settlement, I will receive no money from the settlement funds created in accordance with the Agreement entered into by Whole Foods. I understand that if I am excluded from the class monetary settlement, I may bring a separate action seeking damages. I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim under the monetary provisions of this Agreement. I also understand that I may not seek exclusion from the non-monetary relief set forth in the Agreement, and that I will be bound by the class injunctive provisions of the Agreement entered into by Whole Foods if the Agreement is approved by the Court.

    d.    No Settlement Class Member may opt out of the injunctive relief provisions of this Agreement. No Named Plaintiff may opt out of any of the provisions of this Agreement.

## OBJECTING TO SETTLEMENT

16..    Any Settlement Class Member may object to the proposed Agreement by filing, no later than twenty-one (21) days prior to the Final Fairness Hearing set by the Court, written objections with the Clerk of the Court in writing AND also serve the notice of objection upon Brodsky & Smith, LLC, Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004, and SHEPPARD MULLIN, 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422. The objection shall state the disability the objector has, the date, time and location of the Whole Foods store the objector went to or was deterred from patronizing, the grounds for the objection, and the case name, docket number and court in which the objector and his/her attorney has filed an objection to a class settlement in the past three years. Objections must comply with this paragraph or will waive the right to object to this Settlement. Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing. Also, only such objecting Settlement Class Members who have followed the above procedures shall have the right to file an appeal of any Final Approval. A Settlement Class Member who has not filed a timely objection as outlined above shall not have the right to appeal any portion of the Final Approval Order.

## NOTICE OF THE SETTLEMENT HEARING

17. A Final Approval Hearing (the "Settlement Hearing") will be held before the Honorable Rita Miller in Department 16 of the Court at 111 North Hill St., Los Angeles, California on _____, 2011 at 8:30 a.m. to consider whether the Settlement is fair, reasonable and adequate to the members of the Class and whether Class Counsel's attorneys' fee request and reimbursement of costs request should be approved. If you are a member of the Class, or any of them, you may, but are not required to, appear, personally or by counsel, and be heard at the Settlement Hearing, and may object to or express your views regarding any of the above terms of the Settlement.

## ADDITIONAL INFORMATION

18. PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS CONCERNING THIS ACTION. If you have any questions, please contact Class Counsel: Brodsky & Smith, LLC, Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004 or; clients@brodsky-smith.com. You may also contact your own attorney at your own expense if you wish.

19. This notice does not fully describe the Action or the Settlement. You may inspect the court files regarding the Action at the Office of the Clerk of the Court, Superior Court of California for the County of Los Angeles, located at 111 North Hill St., Los Angeles, California, during the hours of 8:30 a.m. and 4:30 p.m., Monday through Friday.

20. [In Spanish: "A class settlement has been reached that will limit current and future claims/lawsuits of individuals with mobility impairments against Whole Foods with respect to the accessibility of any of its stores in California. Copies of the Settlement Agreement with instructions for opting out, objecting, and/or submitting a claim may be obtained by download on the internet at http://www._____.com" or by calling 888-XXX-XXXX."]

BY ORDER OF THE COURT

86

# EXHIBIT "6"

81

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC.,<br><br>Defendants. | Case No. BC428347<br>[Complaint Filed: December 21, 2010]<br><br>**CLAIM FORM**<br><br>Hon: Rita Miller<br>Dept: 16 |

## CLAIM FORM INSTRUCTIONS

### Read Carefully <u>Before</u> You Complete The Claim Form

1. To be eligible to file a claim in this case, you must be an individual who is mobility impaired or used or uses a wheelchair, scooter or other device for mobility and whose access to a Whole Foods store located in California during the period of time from December 21, 2007 and _____, 2011 was denied due to an Architectural or Other Barrier[1], or an individual who alleges they would have patronized at one or more Whole Foods Store but for Architectural or Other Barriers. If you satisfy these criteria and have not previously signed a release of any claims you may have against Whole Foods, you may be eligible to receive money damages.

2. You cannot participate in this claims process if you filed an Opt Out statement requesting to be excluded from the monetary relief portions of this case.

3. Each person who wishes to make a claim must submit his or her own claim form.

4. You must answer all questions and fill in all applicable blanks on the claims form. Failure to complete the claim form may result in your claim being denied.

5. When filling out your claim form, please print legibly or type.

---

[1] For the purpose of making a claim, "Architectural Barrier" means an impediment to accessibility for person who use wheelchairs or scooters for mobility of a structural feature, including but not limited to restrooms, store entrances, parking facilities, and any other fixed features within the stores that are regulated by the ADA; and "Other Barrier" means: non-architectural impediments to accessibility which are covered by the ADAAG for persons who use wheelchairs or scooters for mobility caused by a failure to maintain accessible features, for example, obstructed parking spaces, or restrooms.

**CLAIM FORM**

88

6. Attach additional sheets if you need more space to answer questions or provide information. Write your full name and Social Security Number on each additional sheet.

7. If you believe you may be eligible for recovery based on incidents at more than one store, or on more than one occasion, you should describe each such incident.

8. You must date and sign the claim form. If you are under 18 years of age, your parent or legal guardian must also sign your claim form. If you cannot sign your name due to a disability, the form may be signed by your legally designated representative.

9. By signing your claim form, you are declaring under penalty of perjury that the information on the form is true and correct. Please understand that you could be subject to criminal penalties for submitting any false information on your claim form.

10. Your claim form must be mailed and postmarked on or before _____, 2011 or your claim will be denied. To insure that you have a record of your claim and date of mailing, we suggest that you keep a copy of your signed claim form and mail the original claim form by certified mail and keep a copy of the postmarked certified mail receipt. (Certified mail is suggested, but not required.) For your records and reference, please keep these instructions.

11. Filing this claim does not automatically guarantee that you will receive any award as part of the settlement of this case. Your claim and the information you provide will be subject to review and verification by the Claims Administrator. You may be asked to provide additional information to support your claim. If you do not respond to a request for additional information by the date such response is due, your claim will be denied.

12. It is your responsibility to keep the Claims Administrator advised of any change in your address. If you do not keep the Claims Administrator advised of your current address, any monetary award to which you may be entitled could be forfeited. Any change of address should be reported in writing along with your complete name and signature, Social Security Number, and former address to:

    Whole Foods Claims Administrator
    [Address]

13. You do not need to have an attorney help you submit a claim form. If you have any questions, please call the claims administrator at the toll free number 888-xxx-xxxx. However, if you do wish to consult with your own attorney, you may do so at your own expense.

The amount of money issued to each eligible claimant will depend upon the total number of eligible claims submitted. The maximum amount each eligible Claimant can receive is $4,000. However an eligible Claimant will receive less than $4,000 if there are more than 125 eligible Claimants.

**CLAIM FORM**

89

14. Further information about this settlement is available at www.WholeFoods Settlement.com. If you have additional questions, you may also call the Claims Administrator at 888-xxx-xxxx or Class Counsel at clients@brodsky-smith.com. Do not call the Court or the Clerk of Court.

15. <u>Please note:</u> 1099 Forms will be issued as required by law to recipients of any monies paid out in this case. Such forms may affect your taxes and/or eligibility under various benefit plans such as SSI or SSDI. Please consult an independent tax advisor or benefits counselor if you wish advice regarding such matters.

**CLAIM FORM**

90

EXHIBIT A

MUST BE
POSTMARKED
NO LATER THAN
_____, 2011

# Whole Foods Class Action Settlement
[Address]
888-xxx-xxxx

## CLAIM FORM

Claim Number              Control Number

**IMPORTANT: PLEASE READ THE INSTRUCTIONS ON THE ENCLOSED CLAIM FORM INSTRUCTIONS BEFORE YOU BEGIN FILILNG OUT THIS CLAIM FORM.**

1. **CONTACT INFORMATION**

    **Home Phone Number:**                  **Social Security Number**

    **Daytime Phone Number:**               **e-mail Address:**

    Check here if you prefer to be contacted by e-mail regarding your claim.

    B. **CONTACT INFORMATION**

    1. Have you been to a Whole Foods store located in California between December 21, 2007 and _____, 2011, or were you deterred from patronizing a Whole Foods Store?

       If your answer is NO, you are not eligible to participate in the claims process. If your answer is YES, please proceed to the next question.

    2. At the time that you visited or attempted to visit that Whole Foods store or stores, did you have a mobility impairment that required you to use a wheelchair, scooter, or other device for mobility?

       If your answer is No, you are not eligible to participate in this claim process. If your answer is YES, please proceed to the next question.

    3. Do you or did you use a wheelchair, scooter, or other device for mobility?
                   WHEELCHAIR       SCOOTER      OTHER ___ (circle one)

    4. If you were deterred from patronizing any Whole Foods Store in California between December 21, 2007 and _____, was it due to any Architectural or Other Barriers, such as inaccessible restrooms, store entrances, counter top

**CLAIM FORM**

91

heights, telephones, drinking, parking lots, audio/visual alarms or obstructed aisles? Please circle Yes or No (Circle One)

    5.    In any of your visits to any Whole Foods store in California between December 21, 2007 and _____, 2011, did you encounter any Architectural or Other Barriers that hindered your access to the stores or facilities within the store, such as inaccessible restrooms, store entrances, counter top heights, telephones, drinking, parking lots, audio/visual alarms or obstructed aisles? Circle Yes or No (Circle one)

If you answered YES to Questions 4 or 5 above, please state each Architectural or Other Barrier that you encountered, or which deterred you from patronizing the Whole Foods store  Use a separate page if necessary.

| How was Access Hindered or Deterred? | City and State of Store | Approximate Date |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| d. | | |
| e. | | |
| f. | | |
| g. | | |
| h. | | |
| i. | | |
| j. | | |

I, _____ (print name) declare under penalty of perjury that all of the information on this claim form is true and correct. I understand that I could be subject to criminal penalties for submitting any false information on this claim form. I acknowledge that I am releasing Whole Foods from all claims as stated in the Notice and Settlement Agreement.

_____    _____
Claimant                                               Date

NOTE: YOU OR YOUR AUTHORIZED DESIGNEE <u>MUST</u> COMPLETE AND <u>SIGN</u> YOUR CLAIM FORM IN ORDER FOR IT TO BE CONSIDERED.
YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2011 (LATE CLAIM FORMS WILL NOT BE CONSIDERED). YOUR COMPLETED AND SIGNED CLAIM FORM MUST BE MAILED TO THE ADDRESS AT THE TOP OF THE FIRST PAGE OF THIS CLAIM FORM.

**CLAIM FORM**

92

EXHIBIT "7"

93

Evan J. Smith (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile:  (310) 247-0160

*Attorneys for Plaintiff*

SUPERIOR COURT OF CALIFORNIA

LOS ANGELES COUNTY

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC.,<br><br>　　　　　Defendants. | CASE NO.: BC428347<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>JUDGE:　　Rita Miller<br><br>DEPT.:　　16 |

　　　　The Stipulation of Settlement, dated February __, 2011 (the "Stipulation" or "Agreement"), of the above-captioned action (the "Litigation"), having been presented at the Settlement Hearing on February 28, 2011, pursuant to the Scheduling Order for Approval of Settlement of Class Action entered herein on February __, 2011 (the "Scheduling Order"), which Stipulation was joined in and consented to by all parties to the Litigation and that (along with the terms therein) is incorporated herein by reference; and the Court having found and concluded that notice of said hearing was given in accordance with the Scheduling Order to members of the Settlement Class as certified by the Court in the Scheduling Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the settlement of the Litigation, and an opportunity to be heard having been given to all other persons, including all

- 1 -
[PROPOSED] FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT

members of the Settlement Class, desiring to be heard as provided in the Notice of Pendency of Class Action, Preliminary Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice"); and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this ___ day of _____, 2011 as follows:

1. Pursuant to § 382 of the California Code of Civil Procedure, the Court certifies the Litigation as a class action for purposes of settlement only, on behalf of a class consisting of all individuals with disabilities who use wheelchairs or other devices for mobility who were denied, are currently denied, or will be denied on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at any of the "Whole Foods" stores owned or operated by Mrs. Gooch's Natural Foods Market, Inc. and/or Whole Foods Market California, Inc. in California. For the purposes of settlement only, Plaintiff Velasco is certified as representative of the Settlement Class and Plaintiff's Counsel Brodsky & Smith, LLC is designated counsel for the Settlement Class.

2. The Court finds and concludes, for purposes of settlement only, that the requirements of § 382 of the California Code of Civil Procedure have been met.

3. The Court finds and concludes, for purposes of settlement only, that the requirements of the California Code of Civil Procedure and due process have been satisfied in connection with the Notice (as defined in the Stipulation).

4. The Notice has been given to the Settlement Class pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice to the Settlement Class has been filed with the Court and full opportunity to be heard has been offered to all parties, the Settlement Class and all other persons in interest.

5. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with each of the requirements of the California Code of Civil Procedure and the Constitution of the United States and any other applicable law and constitutes due and sufficient notice to all persons entitled thereto and the

- 2 -
[PROPOSED] FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT

1  Court further finds and concludes that all members of the Settlement Class are bound by the
2  Order and Final Judgment herein.
3      6.   The Court finds and concludes that the Settlement and all transactions preparatory
4  or incident thereto are fair, reasonable and adequate and in the best interests of the Settlement
5  Class and approves the Settlement and all transactions preparatory or incident thereto pursuant to
6  § 382 of the California Code of Civil Procedure. The parties to the Stipulation are hereby
7  authorized and directed to comply with and to consummate the Settlement in accordance with its
8  terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and
9  Final Judgment in the Litigation.
10     7.   This Final Judgment and Order shall not constitute any evidence or admission by
11 any party herein that any acts of wrongdoing have been committed by any of the parties to the
12 Litigation and should not be deemed to create any inference that there is any liability therefore.
13     8.   The Litigation is hereby dismissed with prejudice as to defendants Mrs. Gooch's
14 Natural Foods Market, Inc., and Whole Foods Market California, Inc., without costs, except as
15 provided in the Stipulation.
16     9.   All claims for injunctive relief and all claims for damages other than personal
17 injury claims as a result of physical injury, alleged in the Action or which could have been made
18 in the Action based on allegations that Mrs. Gooch's Natural Foods Market, Inc., and Whole
19 Foods Market California, Inc. violated any state or federal laws, rules or regulations relating to
20 discrimination on the basis of mobility disability or accessibility of any and all of its stores or of
21 any and all of its goods, services, facilities, privileges, advantages, or accommodations therein
22 are released and discharged against Mrs. Gooch's Natural Foods Market, Inc. and Whole Foods
23 Market California, Inc. , their predecessors, successors and present and former parents, partners,
24 subsidiaries and affiliates, employees, agents, assigns, representatives, and administrators, by
25 members of the Class.
26     10.  Dismissal of the released and discharged claims with prejudice and on the merits
27 shall become effective immediately upon the entry of this Order and Final Judgment and without
28 any further action by the Court.

- 3 -
[PROPOSED] FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT

11. The Court permanently enjoins Plaintiff and all the members of the Settlement Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the released or discharged claims in this or any other forum.

12. Plaintiff Kirby Velasco is hereby awarded $_____ as an incentive award for his participation as a class representative.

13. Plaintiff's Counsel are hereby awarded fees and expenses in the aggregate amount of $_____ for their services in the Litigation, which award the Court finds to be fair and reasonable and which Defendants shall cause to be paid to Plaintiff's Counsel in accordance with the terms of the Stipulation.

14. Without affecting the finality of this Order and Final Judgment, the Court reserves jurisdiction to enforce the Settlement in accordance with the Stipulation.

15. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

**IT IS SO ORDERED.**

Dated:_____                  _____
                                 Honorable Rita Miller

- 4 -
[PROPOSED] FINAL APPROVAL ORDER OF CLASS ACTION SETTLEMENT