# Exhibit 3

1   Evan J. Smith (SBN 242352)
    BRODSKY & SMITH, LLC
2   9595 Wilshire Blvd., Ste. 900
    Beverly Hills, CA 90212
3   Telephone:  (877) 534-2590
    Facsimile:    (310) 247-0160
4
    *Attorneys for Plaintiff*
5

6

7
                    SUPERIOR COURT OF CALIFORNIA
8
                        LOS ANGELES COUNTY
9

10

11  KIRBY VELASCO on behalf of herself        CASE NO.:  BC428347
    and all others similarly situated,
12
                    Plaintiff,
13
          v.
14
    MRS. GOOCH'S NATURAL FOOD
15  MARKETS, INC.,  WHOLE FOODS
    MARKET CALIFORNIA, INC.
16
                    Defendants.
17

18                            **NOTICE PLAN**

19        With respect to the issuance of Notice to the Class of the proposed class action

20  settlement, the parties have agreed to the following:

21        1.      Copies of the Long Form Notice of Proposed Class Action Settlement (attached to

22  the Settlement Agreement as Exhibit "4", as revised per Court's instruction on August 10, 2011)

23  in English and Spanish shall be maintained by the store manager of each Whole Foods Location

24  and made available upon request.  Proof of maintaining said notice at the stores shall be made to

25  the Court by a representative of Whole Foods no later than 30 days prior to the Final Approval

26  Hearing by way of Declaration.

27        2.      Copies of the Long Form Notice shall also be posted on the dedicated website for

28  this settlement as stated below.  Proof of posting the long form notice on the settlement website

98

1  shall be made to the Court by a representative of Whole Foods and/or claims administrator no

2  later than 30 days prior to the Final Approval Hearing by way of Declaration.

3      3.    The Long Form Notice shall also be sent to persons on a proprietary list obtained

4  by Accudata, a marketing company.  The list contains 32,645 names and addresses of persons in

5  the State of California who have responded to a survey saying that  either they or someone in

6  their household is mobility impaired or uses a wheelchair or scooter for mobility.  It was most

7  recently updated on August 1, 2011.  Proof of mailing the Long Form Notice to those on the

8  Accudata list shall be made to the Court by a representative of the claims administrator no later

9  than 30 days prior to the Final Approval Hearing by way of Declaration.

10      4.    The Long Form Notice will also be posted on the website

11  www.disabledonline.com.  Launched in 2004, Disabled Online is a premier website for people

12  with disabilities, offering, among other services, classified, commerce, a social networking

13  community, that includes forums, blogs and chat rooms, plus a web link directory that has over

14  2000 sites that provide services & assistance for people with disabilities.  The website has over

15  40,000 visits a month.

16

17      5.    Copies of the Summary Form Notice (attached to the Settlement Agreement as

18  Exhibit #5, as revised by Court's instructions on August 10, 2011) and Long Notice will be sent

19  with the attached letter to the 109 disability organizations on the attached list requesting they

20  circulate it to their membership and/or disabled community and request that they either display it

21  or post a link to the settlement website on each of their respective websites.

22      6..   The Summary Form Notice shall also be posted at each Whole Foods location

23  eight days after the Court preliminarily approves the settlement until the Final Approval Hearing

24  is held by the Court.  Whole Foods will post the summary notice on the community bulletin

25  board that exists in each CA location  Proof of posting shall be made to the Court by a

26  representative of Whole Foods no later than 30 days prior to the Final Approval Hearing by way

27  of Declaration.

28

99

7.     The Summary Form Notice shall also be posted on the dedicated website as stated below.  The Summary Form Notice shall also be provided by publication four (4) consecutive Sundays in the legal notice section of the following papers of general circulation:  The Los Angeles Times, The Orange County Register, The San Diego Union Tribune, The San Francisco Chronicle, The Sacramento Bee, and The San Jose Mercury News.  This publication of notice will have a combined circulation of approximately 2.5 million for each of the four weeks.  The Summary Form Notice shall also be provided by publication in the following magazines/periodicals that are geared towards individuals in wheelchairs: i) Ability (circulation of approximately 165,000); and ii) Quest Magazine (circulation of approximately 140,000).  Some of these publications are monthly or bi-monthly or quarterly and may require 30 day lead time for publication to be issued.  The Summary Form Notice shall include a sentence in Spanish that a Spanish version of the Notice of Proposed Class Action Settlement is available by calling a dedicated number and on a dedicated webpage with the webpage URL listed thereon.  Proof of publication in the newspapers/periodicals/magazines shall be made to the Court by the claims administrator no later than 30 days prior to the Final Approval Hearing by way of Declaration.

8.     An individual who wishes to submit a damages claim will have to complete and timely submit a claim form to the Claims Administrator at the address provided on the claim form.  To be valid, a claim form must be postmarked no later than the date stated on the final version of the Notices approved by the Court in relation to the Final Approval Hearing.  A claim form shall be made available upon request to all class members at each Whole Foods store, on the website, and by contacting class counsel.

9.     A web page called "CAWhole FoodsAccessSettlement.com", or something similar thereto, will be created and maintained from the date of the Preliminary Approval until the fairness hearing concludes.  The web page will have the following opening page:

"**Settlement of Claims Against Whole Foods for Disabled Access**.  A class settlement agreement has been reached that will limit current and future claims of individuals with mobility impairments against any Whole Foods store in California.  **THIS SETTLEMENT WILL EXTINGUISH AND/OR BAR CLAIMS/LAWSUITS FOR INJUNCTIVE OR DECLARATORY RELIEF AND STATUTORY DAMAGE**

100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLAIMS UNDER THE UNRUH AND CDPA WITH RESPECT TO THE ACCESSIBILITY OF ANY WHOLE FOODS STORE IN CALIFORNIA.** Objections to this class settlement agreement must be filed no later than December 15, 2011.  Click here to review and download the Notice of Proposed Class Action Settlement with instructions for those individuals who wish to object to this class settlement agreement, or here to view the Stipulation of Settlement (Settlement Agreement)."

The web page will also contain the above quoted paragraph translated to Spanish, Korean, Vietnamese, and Mandarin with links to the Notice of Proposed Class Action Settlement translated to those languages.

10.     As set forth in the Summary Notice and Long Form Notices of Proposed Class Action Settlement, at no cost, copies of any or all settlement documents will be sent to anyone submitting a written request to Brodsky & Smith, LLC (attn Evan Smith) at Brodsky & Smith, LLC, Bala Plaza, Suite 602, Bala Cynwyd, Pennsylvania 19004, or by email to clients@brodsky-smith.com.  In addition, the preliminary approval order, proposed final Judgment and Order, and all settlement documents will be available on the dedicated website.

Exhibit 4

SUPERIOR COURT OF CALIFORNIA
LOS ANGELES COUNTY

KIRBY VELASCO on behalf of herself and all
others similarly situated,

               Plaintiff,

     v.

MRS. GOOCH'S NATURAL FOOD MARKETS,
INC., WHOLE FOODS MARKET CALIFORNIA,
INC.

               Defendants.

CASE NO.: BC428347

**NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS who at any time from December 21, 2006, through September 15, 2011, were mobility impaired, used, use or will use wheelchairs or other devices for mobility, and who patronized any Whole Foods Store or who allege they would have patronized at one or more Whole Foods Store but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such Whole Foods Store(s) ("Settlement Class").

### PLEASE READ THIS NOTICE CAREFULLY.

### YOUR RIGHTS MAY BE AFFECTED.

1. The purpose of this notice is to inform you of a proposed settlement (the "Settlement") of a certified class action lawsuit (the "Action") against Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. (collectively referred to as "Whole Foods" or "Defendants"). The Action is currently pending in the Superior Court of the State of California, County of Los Angeles, BC428347 (the "Court").

2. This notice is intended (1) to inform you of the Settlement of the Action, (2) to describe the Settlement and how the Settlement may affect you, and (3) to advise you of your rights and options with respect to the Settlement, including making a claim, opting out of the Settlement and/or objecting thereto.

### DESCRIPTION OF THE ACTION

3. Plaintiff Kirby Velasco filed the Action on or about December 21, 2009 and alleges the following: That Whole Foods stores owned and/or operated by Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. in California have physical barriers and other conditions that deny full and equal access to persons with mobility disabilities.

4. Plaintiff's complaint includes the following causes of action: (1) violation of the Disabled Persons Act, (2) violation of the Unruh Civil Rights Acts, (3) violation of Civil Code section 55.1 and (4) violations of the Americans with Disabilities Act. Plaintiff sought equitable relief, including an injunction requiring Defendants to bring its stores into compliance with the applicable accessibility requirements of state and federal law, as well as statutory damages under the Unruh Act. On September 15, 2011, the Court preliminarily approved the certification of the class.

5. Whole Foods denies that it engaged in any illegal or discriminatory practices or activity towards the Class.

6. Plaintiff and the Class are represented in this action by Brodsky & Smith, LLC ("Class Counsel"). Class Counsel have concluded that it is in the best interests of plaintiff and the Class that the Action be settled on the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement") on file with the Court and summarized in this notice. Class Counsel reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits that plaintiff and the members of the Class will receive under the Settlement Agreement, the risks and uncertainties of continued litigation and the expense that would be necessary to prosecute the Action through trial and any appeals that might be taken. Class Counsel recommends that the Court approve the Settlement Agreement.

7. This notice is not an expression of any opinion by the Court regarding the merits of the claims or defenses asserted by any party to the Action. Moreover, although the Court has granted preliminary approval of the Settlement, it has made no determination concerning whether the Settlement should receive final approval. That decision will be made at or after the Final Settlement Hearing described below.

### TERMS OF THE SETTLEMENT

8. The Settlement Agreement on file with the Court fully describes the terms of the Settlement. In general, the Settlement provides that Whole Foods will retain a California Certified Access Specialist to inspect each of its California stores and within 30 months will

102

correct those physical conditions identified to be in need of correction. The Settlement agreement also provides a Damages Fund of $500,000.00 as a monetary payment to the Class for damages. The Damages Fund will be distributed, after costs of administration, on a pro rata basis to all eligible claimants that fill out and submit a valid claim form. The amount of money issued to each eligible claimant will depend upon the total number of eligible claims submitted. The maximum amount each eligible Claimant can receive is $4,000. However, an eligible Claimant will receive less than $4,000 if there are more than 125 eligible Claimants. The class settlement does not release any claims class members had, have or may have in the future for personal injury claims based upon a physical injury.

9.   Defendants also agreed to pay Plaintiff Velasco an incentive award, subject to Court approval, in an amount not to exceed $10,000.00 for bringing this action and serving as a class representative and achieving the terms of this settlement. Any incentive award approved by the Court will come out of the Damages Fund prior to the pro rata share being distributed to class members.

10.   Pursuant to the Settlement Agreement, Class Counsel will apply to the Court for approval of attorneys' fees and reimbursement of costs, not including costs of notice and administration, in the amount of $250,000.00. The costs of notice to the class and administration of the fund will come out of the Damages Fund. Any attorney's fees and costs award is to be paid by the Defendant separately and will not come out of the Damages Fund.

11.   On September 15, 2011, the Court issued an Order (the "Preliminary Approval Order") which, among other things, granted preliminary approval to the Settlement and established procedures for this Notice, Final Approval of the Settlement and other related matters.

12.   If the Settlement receives Final Approval from the Court, the Action will be dismissed with prejudice and all members of the Class will be barred from commencing, prosecuting or continuing to prosecute against Whole Foods, its predecessors, successors and its present and former parents, partners, subsidiaries and affiliates, employees, agents, assigns, representatives, heirs, executors and administrators, any and all claims, causes of action or lawsuits, which they had or have arising out of or based upon the matters alleged in the Action.

## RELEASE OF CLAIMS

13.   **Release Language.**

   a.   All Settlement Class Members Shall Release Claims for Injunctive and Declaratory Relief as follows:

      i.   Effective on the date of Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agents and representatives (collectively, the "Injunctive and Declaratory Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge Whole Foods and its present and former parents and subsidiaries and each of their respective present, former or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors and assigns (collectively, the "Whole Foods Parties") from the Released Injunctive and Declaratory Relief Claims as defined below.

      ii.   The "Released Injunctive and Declaratory Relief Claims" are any and all past and/or present claims, rights, demands, charges, complaints, actions, suits and causes of action, obligations or liabilities of any and every kind, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for injunctive, declaratory or other non-monetary relief, however described, based on conduct preceding Final Approval of this Agreement that were brought, could have been brought or that relate in any way to the accessibility of Whole Foods Stores to persons who are mobility impaired or who use wheelchairs under:

         (1)   Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and all rules and regulations promulgated thereunder;

         (2)   Cal. Code Regs., Title 24 and all rules and regulations promulgated thereunder, and any other provision of California law to the extent it grants a right of action for alleged violations of the foregoing; and

         (3)   Any state or local statutory, administrative, regulatory or code provisions, including, but not limited to Cal. Civ. Code §§ 51 & 54 *et seq.,* that either (a) directly incorporate Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth standards or obligations coterminous with or equivalent to Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder.

      iii.   The "Released Injunctive and Declaratory Relief Claims" also include all claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, known or unknown, for injunctive, declaratory or other non-monetary relief, however described, (collectively, for this subparagraph, "claims") based on conduct that occurs after Final Approval of this Agreement and during the Term of this

103

Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct (including physical conditions at Whole Foods Stores) that are in compliance with the terms of this Agreement.

b. All Settlement Class Members Who Do Not Timely Opt-Out Shall Release Claims for Damages, Attorneys Fees, and Costs as follows:

i. Effective on the date of Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agent and representatives (collectively, the "Damages Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge the Whole Foods Parties from the Released Damages Claims as defined below.

ii. The "Released Damages Claims" are any and all past, present, or future, extending through the expiration date of this agreement, claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any and every kind, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for damages (excepting personal injury damages resulting from physical injury) and attorneys fees and costs based upon conduct, preceding Final Approval of this Agreement that were brought, could have been brought or could be brought now or through the expiration of this agreement that relate in any way to the accessibility of Whole Foods Stores to persons who use wheelchairs for mobility. Released claims also include claims arising under Title III of the Americans with Disabilities Act, Cal. Code Regs., Title 24 or any California state or local statutory, administrative, regulatory or code provisions, including, but not limited to Cal. Civ. Code §§ 51 & 54 et seq., that either (a) directly incorporate Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder or (b) set forth standards or obligations coterminous with or equivalent to Title III of the Americans with Disabilities Act or any of the rules or regulations promulgated thereunder.

iii. The "Released Damages Claims" also include any and all past, present, or future, extending through the expiration of this agreement, claims, rights, demands, charges, complaints, actions, suits, causes of action, obligations or liabilities of any kind, known or unknown, for damages and attorneys fees (collectively, for this subparagraph, "claims"), except personal injury claims involving physical injury, based upon conduct that occurs after Final Approval of this Agreement and during the Term of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct (including physical conditions at Whole Foods Stores) that are in compliance with the terms of this Agreement.

iv. The Released Damages Claims do not include personal injury claims involving physical injury to a plaintiff.

c. Known or Unknown Claims. The Damages Releasing Parties and the Injunctive Releasing Parties shall collectively be referred to as the "Releasing Parties." The Releasing Parties understand and expressly agree that this AGREEMENT extends to all Released Injunctive and Declaratory Relief claims and all Released Damages Claims referred to herein of every nature and kind, known or unknown, suspected or unsuspected, past, present, or future, arising from or attributable to any conduct of the Whole Foods Parties, whether known by the Releasing Parties or whether or not any Releasing Party believes he or she may have any claims, and that any and all rights granted to the Releasing Party under Section 1542 of the California Civil Code or any analogous state law or federal law or regulations, are hereby expressly WAIVED, if applicable. Said Section 1542 of the California Civil Code reads as follows:

d. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## HOW TO MAKE A CLAIM

14. **Claim Form.**

a. To be eligible to file a claim in this case, you must be an individual who is mobility impaired or used or uses a wheelchair, scooter or other device for mobility and whose access to a Whole Foods store located in California during the period of time from December 21, 2006 through the date of Preliminary Approval by the court was hindered or deterred because of Architectural or Other Barriers as defined in the Stipulation of Settlement. If you satisfy these criteria and have not previously signed a release of any claims you may have against Whole Foods you may be eligible to receive money damages.

b. If you file both an Opt Out statement requesting to be excluded from the monetary relief portions of the case, and a Claim Form, your Opt-Out statement will be disregarded.

c. You must follow the instructions on the Claim Form completely to submit a valid Claim Form

104

d.  Your Claim Form must be mailed and postmarked on or before December 15, 2011 or your claim will be denied. To insure that you have a record of your claim and date of mailing, we suggest that you keep a copy of your signed Claim Form and mail the original Claim Form by certified mail and keep a copy of the postmarked certified mail receipt. (Certified mail is suggested, but not required.)

## OPTING OUT OF SETTLEMENT

15. Any potential Settlement Class Member may request exclusion from the class for purposes of monetary relief only. Potential Settlement Class Members who wish to opt out of the class for purposes of participation in the monetary portion of the settlement must submit a written and signed request for exclusion ("Opt¬Out Statement") to the Claims Administrator. Opt-Out Statements must be postmarked and mailed to the Claims Administrator no later than December 15, 2011. The Opt-Out Statement shall, at minimum, contain the following language:

> I wish to opt out of the money portion of the settlement of this case. I understand that by requesting to be excluded from the class monetary settlement, I will receive no money from the settlement funds created in accordance with the Agreement entered into by Whole Foods. I understand that if I am excluded from the class monetary settlement, I may bring a separate action seeking damages. I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim under the monetary provisions of this Agreement. I also understand that I may not seek exclusion from the non-monetary relief set forth in the Agreement, and that I will be bound by the class injunctive provisions of the Agreement entered into by Whole Foods if the Agreement is approved by the Court.

a.  No Settlement Class Member may opt out of the injunctive relief provisions of this Agreement. No Named Plaintiff may opt out of any of the provisions of this Agreement.

b.  If you submit both a claim form and an opt out statement, your opt out statement will be disregarded.

## OBJECTING TO SETTLEMENT

16. Any Settlement Class Member may object to the proposed Agreement by filing, no later than December 15, 2011, written objections with the Clerk of the Court in writing AND also serve the notice of objection upon Brodsky & Smith, LLC, Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004, and SHEPPARD MULLIN, 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422. The objection shall state the disability the objector has, the date, time and location of the Whole Foods store the objector went to or was deterred from patronizing, the grounds for the objection, and the case name, docket number and court in which the objector and his/her attorney has filed an objection to a class settlement in the past three years. Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing by themselves or through their own counsel. Also, only such objecting Settlement Class Members who have followed the above procedures shall have the right to file an appeal of any Final Approval. A Settlement Class Member who has not filed a timely objection as outlined above shall not have the right to appeal any portion of the Final Approval Order.

## NOTICE OF THE SETTLEMENT HEARING

17. A Final Approval Hearing (the "Settlement Hearing") will be held before the Honorable Elihu M. Berle in Department 323 of the Court at 600 S. Commonwealth Avenue, Los Angeles, California on January 18, 2012 at 9:00 a.m. to consider whether the Settlement is fair, reasonable and adequate to the members of the Class and whether Class Counsel's attorneys' fee request and reimbursement of costs request should be approved. If you are a member of the Class, or any of them, you may, but are not required to, appear, personally or by counsel, and be heard at the Settlement Hearing, and may object to or express your views regarding any of the above terms of the Settlement.

## ADDITIONAL INFORMATION

18. PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS CONCERNING THIS ACTION. If you have any questions, please contact Class Counsel: Brodsky & Smith, LLC, Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004 or; clients@brodsky-smith.com. You may also contact your own attorney at your own expense if you wish.

19. This notice does not fully describe the Action or the Settlement. You may inspect the court files regarding the Action at the Office of the Clerk of the Court, Superior Court of California for the County of Los Angeles, located at 600 S. Commonwealth Avenue, Los Angeles, California, during the hours of 8:30 a.m. and 4:30 p.m., Monday through Friday or go to the dedicated website at www.CAWhole FoodsAccessSettlement.com.

20. Se ha llegado a un arreglo de la clase que limitará actuales y futuros litigios de individuos con impedimentos para movilizarse en contra de Whole Foods respecto al acceso a cualquiera de sus tiendas en California. Se pueden obtener copias del Acuerdo del Arreglo con instrucciones para optar por no participar, protestar, y/o presentar una reclamación descargando de la red en www.CAWholeFoodsAccessSettlement.com o llamando al (888) 427-9238.

BY ORDER OF THE COURT



# Exhibit 5

1

2

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

3

| | |
|---|---|
| 4 KIRBY VELASCO on behalf of herself and all others similarly situated, | Case No. BC428347 [Complaint Filed: December 21, 2009] |
| 5 Plaintiff, | **SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |
| 6 v. | |
| 7 MRS. GOOCH'S NATURAL FOOD MARKETS, INC.; WHOLE FOODS 8 MARKET CALIFORNIA, INC., Defendants. | |

9

**Legal Notice**

10

11 **IF YOU USE A WHEELCHAIR OR SCOOTER, AND HAVE BEEN TO OR BEEN DETERRED FROM PATRONIZING A CALIFORNIA WHOLE FOODS LOCATION YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT**

12

13 **Who?** You are included in this lawsuit if you use a wheelchair or a scooter and have been to a Whole Foods location in the state of California, will patronize Whole Foods, or would have 14 patronized Whole Foods but for access problems from December 21, 2006 through the end of the proposed settlement (approximately September 15, 2011 ("Class Members")). If you 15 have been to, or been deterred from patronizing, a Whole Foods in California between December 21, 2006 and September 15, 2011, you may be eligible for monetary recovery.

16

17 **What?** The lawsuit seeks to make Whole Foods alter its stores with respect to access for people who use wheelchairs or scooters, and damages in an amount specified by Statute(s) for people who shopped at Whole Foods in California (Damages Class Members). Whole 18 Foods denied liability. The Court did not decide which side was correct. Under the settlement, Whole Foods will make alterations to all of its California corporate owned stores 19 to become fully accessible to the mobility impaired, and will pay $500,000.00 to a Fund to be Distributed to Class Members minus the cost of administration of the Fund. The Defendants 20 have also agreed to pay attorneys' fees and costs not to exceed $250,000.00. Qualifying Damages Class Members can obtain monetary recovery. The Defendant has also agreed to 21 pay an incentive award to the class representative not to exceed $10,000.00, subject to court approval.

22

23 **How?** The detailed notice package contains everything you need to make a claim. Call the number below or visit the website below to get one. **To qualify for a payment, you must submit a claim by December 15, 2011.**

24

25 **Effect?** If you are a Damages Class Member and do not want to be bound by the settlement's monetary provisions, you must exclude yourself by December 15, 2011. If you exclude yourself by December 15, 2011, you cannot get money from this settlement. If you 26 do not exclude yourself, you will release all claims for damages (excepting personal injury damages resulting from physical injury) relating to accessibility of Whole Foods locations in 27 the State of California for people who use wheelchairs or scooters, for the period from December 21 2006 through September 15, 2011. Class Members can not exclude themselves 28 from the non-monetary parts of the settlement and will release non-monetary claims against Whole Foods relating to store access through the end of the settlement term. If you wish to

*106*

1   object to the settlement, you must do so by December 15, 2011  The detailed notice found at
2   the below website explains how to exclude yourself or how to object.  You MUST follow
    these detailed instructions in order to properly exclude yourself or object to the settlement.

3       The Superior Court for the State of California in the County of  Los Angeles, will hold a
    hearing before Judge Elihu M. Berle on Wednesday, January 18, 2012 at 9:00 a.m. at 600 S.
4   Commonwealth Avenue, Department 323, Los Angeles, CA to consider whether to approve
    the settlement, the incentive award for the class representatives, and the request for attorneys'
5   fees and costs by lawyers representing the class.  The detailed notice explains how you or
    your attorney can participate in that hearing.
6
    THIS IS AN INCOMPLETE SUMMARY OF THE SETTLEMENT.  PLEASE CALL THE
7   NUMBER BELOW OR VISIT THE WEBSITE BELOW FOR THE FULL SUMMARY.

8                       Whole Foods Claims Administrator
                                PO Box 26170
9                            Santa Ana, CA 92799

10                  www.CAWhole FoodsAccessSettlement.com

11  Se ha llegado a un arreglo de la clase que limitará actuales y futuros litigios de individuos
    con impedimentos para movilizarse en contra de Whole Foods respecto al acceso a
12  cualquiera de sus tiendas en California. Se pueden obtener copias del Acuerdo del Arreglo
13  con instrucciones para optar por no participar, protestar, y/o presentar una reclamación
    descargando de la red en www.CAWholeFoodsAccessSettlement.com  o llamando al (888)
14  427-9238.

15

16

17

18

19

20

21

22

23

24

25

26

27

28