# Exhibit 6

| | |
|---|---|
| Evan J. Smith (SBN 242352)<br>BRODSKY & SMITH, LLC<br>9595 Wilshire Blvd., Ste. 900<br>Beverly Hills, CA 90212<br>Telephone: (877) 534-2590<br>Facsimile: (310) 247-0160<br><br>*Attorneys for Plaintiff* | **ORIGINAL FILED**<br><br>SEP 15 2011<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA

LOS ANGELES COUNTY

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC.,<br><br>          Defendants. | CASE NO.: BC428347<br><br>[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT<br><br>JUDGE: Elihu Berle<br><br>DEPT.: 323 |

The Court has received the Stipulation of Class Action Settlement (the "Settlement Agreement" or "Stipulation") by and between (1) Plaintiff Kirby Velasco, on behalf of herself, and on behalf of the Plaintiff Class hereinafter defined; and (2) Defendant Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. (collectively referred to as "Whole Foods" or "Defendants"). The Court having reviewed the Settlement Agreement and the exhibits attached thereto, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The terms set out in the Stipulation are incorporated herein. Pursuant to Section 382 of the California Code of Civil Procedure and for purposes of the Settlement Agreement only, the Court preliminarily certifies this action as a class action for purposes of Settlement

108

Agreement only, on behalf of a class consisting of all persons who at any time from December 21, 2006, through the Term of this Agreement, were mobility impaired, used, use or will use wheelchairs for mobility, and who patronized any Whole Foods Store in California or who allege they would or would have patronized at one or more Whole Foods Store in California but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such Whole Foods Store(s) (the "Settlement Class"). For the purposes of settlement only, Plaintiff Kirby Velasco is certified as representative of the Settlement Class and Plaintiff's Counsel Brodsky & Smith, LLC is designated counsel for the Settlement Class.

2. The Court preliminarily finds and concludes, for purposes of settlement only, that the requirements of Section 382 of the California Code of Civil Procedure have been met and the requirements of the California Code of Civil Procedure and due process have been satisfied in connection with the Notice (as defined below).

3. The Court preliminarily finds and concludes that the Court's preliminary evaluation of the Settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, the Settlement is within the "range of reasonableness," and the scheduling of a formal fairness hearing is warranted; accordingly, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is granted.

4. A hearing (the "Settlement Hearing") shall be held before the Court on January 18, 2012, at 9:00 AM in Department 323 at the Superior Court of California, Los Angeles County, 600 S. Commonwealth Ave, Los Angeles, CA, to:

    a. Determine whether the Settlement Agreement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Settlement Class;

    b. Determine whether Final Judgment should be entered pursuant to the Stipulation Agreement dismissing the action with prejudice and extinguishing and releasing all released claims;

      c.    Determine whether the Settlement Class should be finally certified and whether Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class;

      d.    Rule on an application of Plaintiff's Counsel for an award of attorneys' fees and reimbursement of expenses, as well as an application for an incentive award for the Plaintiff, in accordance with the Stipulation; and

      e.    Rule on such matters as the Court may deem appropriate.

5.    The Court may adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

6.    The Court may approve the Settlement Agreement at or after the Settlement Hearing with such modification as may be consented by the parties to the Stipulation and without further notice to the Settlement Class.

7.    The Claims Administrator shall, at least 60 days prior to the Final Approval Hearing, give notice of the Settlement Hearing pursuant to the Notice Plan attached to the Stipulation.

8.    The Court approves, in form and content, the Notice Plan and finds that the giving of notice as specified therein meets the requirements of the California Code of Civil Procedure and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled to receive notice. The Settlement Administrator shall, not later than ten (10) business days prior to the Settlement Hearing, file a declaration showing compliance with the Notice provisions of this Order. Plaintiff shall, not later than seven days prior to the Final Approval Hearing file papers in support of the Settlement Agreement.

9.    Any member of the Settlement Class may object to the Settlement Agreement, the class action determination, the judgment to be entered in the action, and/or Plaintiff's application for incentive award, attorneys' fees and expenses, or otherwise request to be heard, in person or

by counsel, concerning any matter properly before the Court at the Settlement Hearing; provided, however, that no objection shall be considered by the Court unless filed with the Court and served upon counsel listed below in written form including: (i) the person's or entity's name, address and telephone number; (ii) the reasons for the objection; and iii) a statement that the objector is a member of the class and the type of disability; by no later than December 15, 2011. Any person or entity that wishes to appear must file such papers and serve by hand, mail or overnight mail upon the following counsel on or before the date of filing with the Court:

> Evan J. Smith
> esmith@brodsky-smith.com
> BRODSKY & SMITH, LLC
> Two Bala Plaza, Suite 602
> Bala Cynwyd, PA 19004
>
> Derek Havel
> dhavel@sheppardmullin.com
> SHEPPARD MULLIN
> 333 South Hope Street, 43rd Floor
> Los Angeles, California 90071-1422

10. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement Agreement, any judgment entered thereon, the adequacy of the representation of the Settlement Class, any award of attorneys' fees or reimbursement of expenses, except by serving and filing a written objection as prescribed in Paragraph 9 above. Any person or entity who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

11. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement or this Order.

12. The Court hereby preliminarily enjoins any class member from commencing or prosecuting any class injunctive claims, pending the final determination as to whether the Settlement Agreement should be approved.

13. If the Settlement Agreement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason

1 whatsoever, the Settlement Agreement (including any modification thereof), any class
2 certification herein and any action taken or to be taken in connection therewith (including this
3 Order and any judgment entered herein) shall be terminated and shall become null and void and
4 of no further force and effect except for Defendant's obligation to pay for expenses incurred in
5 connection with the Notice provided for by this Order, and neither the Stipulation, nor any
6 provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the
7 negotiation thereof by any party, shall be deemed an admission or offered or received as
8 evidence at any proceeding in this or any other action or proceeding.

9     14. In any event, neither the Stipulation nor any provisions contained in the
10 Stipulation, nor any negotiations, statements or proceedings in connection therewith, shall be
11 construed, or deemed to be evidence of, an admission or concession on the part of Plaintiff,
12 Defendant, any Settlement Class member, or any other person or entity of any liability or
13 wrongdoing by them, or any of them as to any claim alleged or asserted in the action or
14 otherwise, and shall not be offered or received in evidence in any action or proceeding (except in
15 an action or proceeding to enforce the terms and conditions of the Stipulation), or be used in any
16 way as an admission, concession or evidence of any liability or wrongdoing of any nature, and
17 shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff,
18 his counsel, and the members of the Settlement Class, or any other person or entity, has or has
19 not suffered any damage.

20     15. Counsel for the Parties shall file any supporting papers for the Final Approval of
21 the Settlement no later than January 3, 2012.

22     16. If the Settlement Agreement shall be approved by the Court following the
23 Settlement Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

24     17. The Court may, for good cause, extend any of the deadlines set forth in this Order
25 without further notice to class members.

Dated: Sept. 15, 2011

Honorable Elihu Berle
ELIHU M. BERLE
Judge of the Superior Court

# Exhibit 7

Evan J. Smith (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

**ORIGINAL FILED**

FEB 14 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA

### LOS ANGELES COUNTY

| | |
|---|---|
| KIRBY VELASCO on behalf of herself and all others similarly situated, | CASE NO.: BC428347 |
| Plaintiff, | [PROPOSED] **FINAL APPROVAL ORDER AND JUDGMENT** |
| v. | JUDGE: Elihu Berle |
| MRS. GOOCH'S NATURAL FOOD MARKETS, INC., | DEPT.: 323 |
| Defendants. | Date: January 18, 2012 |
| | Time: 9:00 AM |

The Stipulation of Settlement, dated March 21, 2011 (the "Stipulation" or "Agreement"), of the above-captioned action (the "Litigation"), having been presented at the Settlement Hearings on January 18, 2012, January 30, 2012, and February 14, 2012, pursuant to the Scheduling Order for Approval of Settlement of Class Action entered herein on September 15, 2011 (the "Scheduling Order"), which Stipulation was joined in and consented to by all parties to the Litigation and that (along with the terms therein) is incorporated herein by reference; and the Court having found and concluded that notice of said hearing was given in accordance with the Scheduling Order to members of the Settlement Class as certified by the Court in the Scheduling Order and that said notice was adequate and sufficient; and the parties having appeared by their

-1-

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

113

attorneys of record; and the attorneys for the respective parties having been heard in support of the settlement of the Litigation, and an opportunity to be heard having been given to all other persons, including all members of the Settlement Class, desiring to be heard as provided in the Notice of Pendency of Class Action, Preliminary Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice"); and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 14th day of February, 2012 as follows:

1. Pursuant to § 382 of the California Code of Civil Procedure, the Court certifies the Litigation as a class action for purposes of settlement only, on behalf of a class consisting of all persons who at any time from December 21, 2006 through the Term of the Settlement Agreement, were mobility impaired, used, use or will use wheelchairs for mobility, and who patronized any Whole Foods Store in California or who allege they would or would have patronized at one or more Whole Foods Stores in California but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at any of the "Whole Foods" stores owned or operated by Mrs. Gooch's Natural Foods Market, Inc. and/or Whole Foods Market California, Inc. in California. For the purposes of settlement only, Plaintiff Velasco is certified as representative of the Settlement Class and Plaintiff's Counsel Brodsky & Smith, LLC is designated counsel for the Settlement Class.

2. The Court finds and concludes, for purposes of settlement only, that the requirements of § 382 of the California Code of Civil Procedure have been met.

3. The Court finds and concludes, for purposes of settlement only, that the requirements of the California Code of Civil Procedure and due process have been satisfied in connection with the Notice (as defined in the Stipulation).

4. The Notice has been given to the Settlement Class pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice to the Settlement Class has

been filed with the Court and full opportunity to be heard has been offered to all parties, the Settlement Class and all other persons in interest.

5. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with each of the requirements of the California Code of Civil Procedure and the Constitution of the United States and any other applicable law and constitutes due and sufficient notice to all persons entitled thereto and the Court further finds and concludes that all members of the Settlement Class are bound by the Order and Final Judgment herein.

6. The Court finds and concludes that the Settlement and all transactions preparatory or incident thereto are fair, reasonable and adequate and in the best interests of the Settlement Class and approves the Settlement and all transactions preparatory or incident thereto pursuant to § 382 of the California Code of Civil Procedure. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Litigation.

7. This Final Judgment and Order shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Litigation and should not be deemed to create any inference that there is any liability therefore.

8. The Litigation is hereby dismissed with prejudice as to defendants Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc., without costs, except as provided in the Stipulation.

9. All claims for injunctive relief and all claims for damages other than personal injury claims as a result of physical injury, alleged in the Action or which could have been made in the Action based on allegations that Mrs. Gooch's Natural Foods Market, Inc., and Whole Foods Market California, Inc. violated any state or federal laws, rules or regulations relating to discrimination on the basis of mobility disability or accessibility of any and all of its stores or of any and all of its goods, services, facilities, privileges, advantages, or accommodations therein

1 are released and discharged against Mrs. Gooch's Natural Foods Market, Inc. and Whole Foods Market California, Inc., their predecessors, successors and present and former parents, partners, subsidiaries and affiliates, employees, agents, assigns, representatives, and administrators, by members of the Class.

10. Dismissal of the released and discharged claims with prejudice and on the merits shall become effective immediately upon the entry of this Order and Final Judgment and without any further action by the Court.

11. The Court permanently enjoins Plaintiff and all the members of the Settlement Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the released or discharged claims in this or any other forum.

12. Plaintiff Kirby Velasco is hereby awarded $5,000.00 as an incentive award for her participation as a class representative.

13. Plaintiff's Counsel are hereby awarded fees and expenses in the aggregate amount of $250,000.00 for their services in the Litigation, which award the Court finds to be fair and reasonable and which Defendants shall cause to be paid to Plaintiff's Counsel in accordance with the terms of the Stipulation.

14. Without affecting the finality of this Order and Final Judgment, the Court reserves jurisdiction to enforce the Settlement in accordance with the Stipulation.

15. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

**IT IS SO ORDERED.**

Dated: FEB 14 2012            ELIHU M. BERLE
                              _____
                              Honorable Elihu Berle

-4-

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

116

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On **February 1, 2012**, I served the following document(s) described as **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Evan J. Smith, Esq.
BRODSKY & SMITH LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA  90212
Telephone:   (310) 300-8425
Facsimile:   (310) 247-0160
*Attorneys for Plaintiff*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 619-234-3815. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(h)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the office of the addressee.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 1, 2012, at San Diego, California.

*/s/ Romona Beaudry*
ROMONA BEAUDRY