IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ, | No. C 12-01072 CRB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS** |
| v. | |
| WHOLE FOODS MARKET, INC. ET AL., | |
| Defendants. | |

Presently before the Court is Plaintiff Francisca Moralez's Motion for an Award of Attorneys' Fees and Costs following a settlement in a federal and state disability discrimination case. The Court concludes this matter is suitable for disposition without oral argument. See N.D. Cal. Civil L.R. 7-1(b). Though Moralez is entitled to fees under the relevant statutes, her limited success calls for a substantial reduction from the baseline lodestar calculation. The Court accordingly GRANTS IN PART AND DENIES IN PART Moralez's motion.

## I. BACKGROUND

### A. The Underlying Action

Plaintiff, who is wheelchair-bound due to disability, brought this action on March 2, 2012 against Whole Foods Market, Inc. ("Whole Foods") and Bond CC Oakland, LLC ("Bond"), the premises owner, alleging that various features of Whole Foods' Oakland store, such as its service counters and parking lot, created access barriers in violation of the

Americans with Disabilities Act ("ADA"), the Unruh Act (Cal. Civ. Code §§ 51 et seq.), and the California Disabled Persons Act ("CDPA") (Cal. Civ. Code §§ 54 et seq.). See generally Compl. (dkt. 1). Plaintiff sought injunctive relief, damages, and attorneys' fees. Id.

On July 2, 2012, Defendant filed a Motion to Dismiss, arguing that Plaintiff's suit was barred as res judicata in light of a class-action settlement involving Whole Foods that had recently been incorporated into a judgment in state court. See generally Mot. to Dismiss (dkt. 20) (citing Velasco v. Mrs. Gooch's Natural Foods Market, Inc., No. BC428347 (Cal. Super. Ct. filed Dec. 21, 2009)). On September 24, 2012, this Court granted in part Defendant's Motion to Dismiss as to claims against Whole Foods, but denied the motion in part as to claims against Bond. See generally Order (dkt. 50).

On October 12, 2012, Plaintiff brought a motion to enforce a General Order 56 site inspection at the Oakland store. Mot. to Enforce Gen. Order 56 (dkt. 53). Bond refused the inspection on the grounds that the alleged barriers at the Oakland store were already being fixed under the terms of the Velasco settlement, and filed a cross-motion for administrative relief. Mot. for Admin. Relief (dkt. 56). On November 21, 2012, Magistrate Judge Laporte denied Plaintiff's motion and granted Defendant Bond's cross-motion. Order of Nov. 21, 2012 (dkt. 68).

In January 2013, Plaintiff sent her own expert, Barry Atwood, to Defendant's facility to inspect the store for compliance with the disability laws. McGuinness Decl. (dkt. 96) ¶ 18. Atwood concluded that despite Bond's expert's certification that the store was compliant, major barriers still existed at the facility. Id.

On February 26, 2013, Bond sold the property at issue. McGuinness Decl. ¶ 19. On March 21, 2013, Defendant made a Rule 68 offer to Plaintiff. Id. ¶ 22. After some negotiations, Plaintiff accepted an amended offer and filed the acceptance on April 16, 2013. See generally Notice of Acceptance (dkt. 90). The Court entered judgment against Bond on Plaintiff's state law (Unruh and CDPA) claims in the amount of $20,000 in damages on April 29, 2013. Clerk's J. (dkt. 94).

2

On May 31, 2013, Plaintiff brought this Motion for Attorneys' Fees and Costs under the Unruh Act and the CDPA. Mot. (dkt. 95).

### B.  The Motion

In the Motion, Plaintiff seeks fees for work performed by attorneys Paul Rein, Celia McGuinness, and Catherine Cabalo, as well as for work by paralegals Aaron Clefton and Holly Jaramillo. Rein Decl. at 5 (dkt. 97). In particular, Plaintiff requests the Court award fees as follows:

> Celia McGuinness, Esq. 172.1 hrs. @ $495/hr. = $85,190
> Paul Rein, Esq. 102.9 hrs. @ $645/hr. = $66,371
> Catherine Cabalo, Esq. 5.4 hrs. @ $425/hr. = $2,295
> Aaron Clefton, Senior Paralegal 64.7 hrs. @ $200/hr. = $12,940
> Holly Jaramillo, Paralegal 4.7 hrs. @ $135/hr. = $635

Total requested attorneys' fees: $167,431

Id. Plaintiff has provided the declarations of McGuinness, Rein, Cabalo, Clefton, and Jaramillo, as well as their timesheets, in support of her request. In addition, she has provided declarations submitted in other actions by Laurence Paradis, Sid Wolinsky, John Burris, Christopher Whelan, Richard Pearl, and Brian Gearinger addressing the reasonableness of the rates sought by Plaintiff's counsel. Rein Decl., Ex. 8-12, 15. Plaintiff also seeks an award of the following litigation expenses and costs:

> Filing fees $350
> Service of process, courier services $401
> Overnight/mail services $197
> Copying costs $2,227
> Westlaw computer research $6,220
> Parking and meals for 3/20/13 all day mediation $75
> Professional services of CASp expert Barry Atwood $3,699

Total requested litigation expenses and costs: $13,169

Id. at 6.

Bond argues that Plaintiff is entitled to no fees at all, or at least a substantial reduction. Opp'n at 7-8 (dkt. 106).

## II.  LEGAL STANDARD

Because the Court entered judgment against Bond on Plaintiff's state law (Unruh and CDPA) claims, Plaintiff's claim for attorneys' fees and costs arise under California law. See

3

Cal. Civ. Code §§ 52(a), 54.3, 55. Federal courts follow state law when state law governs the attorneys' fees claim. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Here, the Unruh Act provides that any person that violates its provisions is "liable [to a prevailing party] for any attorney's fees that may be determined by the court." Cal. Civ. Code § 52(a). The CDPA provides the same liability for attorneys' fees. Id. § 54.3(a).

The parties do not dispute that under the relevant statutes, the starting point for any fee award is the lodestar amount: the number of hours reasonably worked multiplied by a reasonable billing rate. E.g., Ketchum v. Moses, 24 Cal. 4th 1122, 1132-36 (2001). The lodestar amount may then be increased or decreased based on other factors, which are discussed in more detail below. Id.

## III. DISCUSSION

### A. Broad Attacks on Reasonableness of Hours Expended

Bond does not dispute that Plaintiff is the prevailing party in this action, and the award of fees under state law is mandatory, not discretionary. Engel v. Worthington, 60 Cal. App. 4th 628, 633-36 (1997), reaffirmed in Choate v. Cnty. of Orange, 86 Cal. App. 4th 312, 325 (2000) (Unruh Act fees mandatory); Donald v. Cafe Royale, Inc., 218 Cal. App. 3d 168, 179 (1990) (CDPA fees mandatory).

Bond first looks to characterize most of the hours spent on the litigation as unreasonably expended. In Bond's view, Plaintiff became aware of the Velasco settlement on May 1, 2012, and all fees incurred after that date were therefore unreasonable. Though Plaintiff was aware of the Velasco settlement on May 1, 2012, she still had the right to seek relief against Defendant Bond. As the Court stated in its September 24, 2012 Order, the Velasco settlement "released claims against enumerated parties based on conditions in those areas - and Bond is not among the entities released." Order at 10. Therefore, fees incurred after May 1, 2012 were not categorically unreasonable.

Bond next argues that Plaintiff's counsel should not receive fees for work opposing Whole Foods' Motion to Dismiss, because the Court granted the Motion as to claims against Whole Foods. However, it is proper for a court to award fees against one defendant for time

4

spent litigating against another, particularly where the claims against the two defendants arise from the same nucleus of operative fact or the same legal theory and it is impossible to "untangle" the time spent on each defendant. El-Haken v. BJY, Inc., 415 F.3d 1068, 1075 (9th Cir. 2005); see also Californians for Responsible Toxics Mgmt. v. Kizer, 211 Cal. App. 3d 961, 976 (Ct. App. 1989).

Here, Bond does not suggest any way to distinguish Plaintiff's counsel's work on the Motion to Dismiss related to Bond from its work related to Whole Foods, which arose "from the same nucleus of operative fact." And, Plaintiff raised non-frivolous collateral attacks on the Velasco settlement as a whole. Therefore, Plaintiff's counsel is entitled to fees related to Whole Foods' Motion to Dismiss.

The Court now turns to more specific challenges to the reasonableness of the fees sought.

**B.  Rates**

"The reasonable value of attorney services is variously defined as the 'hourly amount to which attorneys of like skill in the area would typically be entitled.'" Ketchum, 24 Cal. 4th at 1133. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." Heritage Pac. Fin., LLC v. Monroy, 215 Cal. App. 4th 972, 1009 (citing United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990)).

As noted above, Plaintiff requests that fees be awarded at the following hourly rates: Paul Rein, Esq. at $645/hr.; Celia McGuinness, Esq. at $495/hr.; Catherine Cabalo, Esq. at $425/hr.; Aaron Clefton, Senior Paralegal, at $200/hr.; and Holly Jaramillo, Paralegal, at $135/hr. Based on the declarations provided in support of these rates, and other decisions from this district involving Plaintiff's attorneys and attorneys with comparable experience in the field of disability access who practice in the San Francisco area, the Court finds the rates of Paul Rein, Celia McGuinness, Catherine Cabalo, and Holly Jaramillo to be reasonable. See Cruz v. Starbucks Corp., No. C-10-01868 JCS, 2013 U.S. Dist. LEXIS 79231 (N.D. Cal.

1 June 5, 2013) (awarding Rein his rate of $645/hr.; awarding McGuinness her rate of
2 $495/hr.; awarding Cabalo her rate of $425/hr.); Delson v. Cyct Mgmt. Grp., Inc., No. C 11-
3 03781 MEJ, 2013 U.S. Dist. LEXIS 62499 (N.D. Cal. Apr. 30, 2013) (awarding Rein his rate
4 of $645/hr.; awarding Cabalo's then current rate of $395/hr.); Blackwell v. Foley, 724 F.
5 Supp. 2d 1068 (N.D. Cal. 2010) (awarding Rein his then current rate of $495/hr.); George v.
6 BART, No. C 00-2206 CW, 2007 U.S. Dist. LEXIS 72812 (N.D. Cal. Sept. 21, 2007)
7 (awarding Rein his then current rate of $435/hr.). With respect to Aaron Clefton, the Court
8 concludes that a reasonable rate is $175 per hour.[1]

### C. Clerical Work

Fees for work that is clerical in nature are considered part of normal overhead costs and are not included in recoverable hours. See Serrano v. Unruh, 32 Cal. 3d 621, 635 & n.21 (1982). The Court's review of the time sheets submitted by Rein, McGuinness, Cabalo, Clefton, and Jaramillo reveals a number of entries for clerical work:

- Rein's records contain two entries for clerical work: "sign complaint and filing papers; arrangements for filing," and "receipt/review of Standing Orders from court . . . ." Rein Decl. at 3 (3/1/12), 9 (7/11/12).

- McGuinness's records contain one entry for clerical work: "Review my billing and billings of PLR, AC, CAC, and HJ for consistency, outlier entries, block billing, clarity, etc. Make notes and return for discussion/changes." McGuinness Decl. at 13 (5/22/13).

- Cabalo's records do not contain any entries for clerical work.

- Clefton's records contain five entries for clerical work: "Review proofs of service. File proofs of service of FAC on both defendants," "Call access consultant Barry Atwood to obtain open dates for site inspection," "Review and efile stipulation to continue CMC," "E-file notice of need for mediation," and "Analyze and compile time

---

[1] Two other judges in the Northern District of California recently found that an hourly rate for Clefton of $175/hr. was reasonable, stating:

> The Court has reviewed Mr. Clefton's Declaration setting forth his education and experience and has also reviewed both the cases Plaintiff has cited, as well as other published decisions analyzing the reasonableness of Mr. Clefton's billing rate. Based on its review, the Court finds that Mr. Clefton's hourly rate should be set at $175 an hour, which represents a $10 increase from the $165 rate approved by other district courts in 2010 and 2011. See Luna v. Hoa Trung Vo, 2011 U.S. Dist. LEXIS 56427, 2011 WL 2078004, at *11 (E.D. Cal. May 25, 2011); Blackwell, 724 F. Supp. 2d at 1082, 1085.

Cruz, 2013 U.S. Dist. LEXIS 79231, at *19 (quoting Delson, 2013 U.S. Dist. LEXIS 62499, at *15-16).

6

sheets . . . ." Cabalo Decl. (dkt. 98) at 2 (7/2/12), 3 (10/31/12), 4 (1/10/13, 1/30/13), 5(5/29/13).

- Jaramillo's records contain two entries for clerical work: "E-file Plaintiff's Objection to Evidence" and "Compile exhibits to Motion to Enforce GO 56/Declaration." Jaramillo Decl. (dkt. 100) at 1 (8/30/12, 10/12/12).

Accordingly, .3 hours shall be deducted from Rein's recoverable hours; 4.2 hours shall be deducted from McGuinness's recoverable hours; 1.5 hours shall be deducted from Clefton's recoverable hours; and .9 hours shall be deducted from Jaramillo's recoverable hours.

### D. Overstaffing and Work Duplication

Defendant points out that Plaintiff, at times, had two partner-level attorneys working on this action, and argues that it was not necessary for these two attorneys to account "for almost 80% of the hours in this litigation." Opp'n at 11-12. Defendant points to two specific examples: both Rein and McGuinness seek reimbursement for a meeting on May 7, 2012 regarding the Velasco settlement, see McGuinness Decl. at 1; Rein Decl. at 5, and both Rein and McGuinness seek reimbursement for reviewing class action settlement documents provided by defense counsel, see McGuinness Decl. at 1 (5/18/12); Rein Decl. at 5 (5/16/12).

The Court is reluctant to second-guess the staffing decisions of Plaintiff's counsel, and does not find that it was unreasonable for Plaintiff's two lead attorneys to generate most of the hours billed in the litigation. As to Defendant's contention that Plaintiff's counsel seeks fees for the same task completed by multiple attorneys, "[c]ommon sense dictates that a single task can be broken down over several discrete time periods and that a number of people might contribute to one end product." Chabner v. United of Omaha Life Ins. Co., No. C-95-0447 MHP, U.S. Dist. LEXIS 16552, at *12 (N.D. Cal. Oct. 12, 1999). Even if more than one attorney worked on a task, that does not show the hours were excessive. Thus, reductions are not appropriate on this ground.

### E. Paralegal Work

Awards of attorney fees for paralegal time are commonplace in California. E.g., Guinn v. Dotson, 23 Cal. App. 4th 262, 269 (Ct. App. 1994). Under federal law, work done

7

by lawyers that only requires the skill level of a paralegal should be billed at a paralegal's rate, Missouri v. Jenkins, 491 U.S. 274, 288 (1989), and though Bond cites no California authority directly on point, some language in the California Supreme Court's attorneys' fees cases suggests that it would agree. E.g., Ketchum, 24 Cal. 4th at 1132 ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.").

Defendant cites twenty-five entries that Rein billed at his hourly rate that Defendant argues should be awarded at a paralegal's rate. Opp'n at 12. Bond argues:

> Mr. Rein billed hours to matters that could have easily been delegated to his associates or paralegals, including, for example, numerous brief calls and emails with Plaintiff, completing a first draft of the complaint, handling routine phone calls and correspondence to opposing counsel regarding relatively basic matters, such as stipulations to extend time, researching pleading requirements, and researching and handling the initial drafting of briefs.

Id.

Defendant cites a Third Circuit case, Loughner v. University of Pittsburgh, to support its argument that the entries it identified in Rein's records should be billed at paralegal rates. Opp'n at 11. Loughner stated that:

> [a] claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable.

260 F.3d 173, 180 (3d Cir. 2001). However, the Ninth Circuit rejected the cited language in Loughner, stating:

> Modeling law firm economics drifts far afield of the Hensley calculus and the statutory goal of sufficiently compensating counsel in order to attract qualified attorneys to do civil rights work. The district court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case. The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests.

534 F.3d at 1115. Neither party has cited a California case on point. This Court finds the Ninth Circuit's analysis more persuasive, and declines Defendant's request to bill the cited entries in Rein's records at a paralegal's rate.

8

### F. Vague Record Entries

When the documentation provided by the party requesting attorneys' fees is inadequate, the district court may reduce the award accordingly. See Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1325 (Ct. App. 2008); Hensley, 461 U.S. at 433. Work entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand. Ctr. for Food Safety v. Vilsack, No. C-08-00484 JSW (EDL), 2011 U.S. Dist. LEXIS 144428, at *24 (N.D. Cal. Oct. 13, 2011). Courts in the Northern District of California have been unable to determine whether billing entries were reasonable for entries stating "conferences," "telephone calls," or "review of documents" without describing the subject of the call or correspondence. Id.

Defendant argues that Rein's entries on eight dates, totaling approximately 2.1 hours, contain inadequate descriptions such that the Court cannot determine whether or not they are reasonable. Opp'n at 14. These entries include 0.6 hours to "[r]eturn call to defense counsel Hayley Grunwald," 0.5 hours of writing "[l]etter[s] to defense counsel Hayley Grunwald," and .4 hours to have "[c]all[s] w/ client Francisca Moralez." Rein Decl. 4/11/12, 5/10/12, 5/17/12, 7/8/12, 9/13/12, 9/21/12. The entries at issue are not unduly vague "because they contain additional information in the entry that could connect the entry to work done in the case . . . ." Ctr. for Food Safety, 2011 U.S. Dist. LEXIS 144428, at *24-25.

### G. Limited Results Achieved

Under federal law, when determining a prevailing plaintiff's attorneys' fees in an action for violation of civil rights (42 U.S.C. § 1988), the extent of a plaintiff's success is a crucial factor. Hensley, 461 U.S. at 440. If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. Id. at 436. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. "But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id.

9

On this point, California law is consistent with federal law.  Although fees are not reduced when a plaintiff prevails on only one of several factually related and closely intertwined claims, Wysinger v. Auto. Club of S. Cal., 157 Cal. App. 4th 413, 431 (2007), "under state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success." Sokolow v. Cnty. of San Mateo, 213 Cal. App. 3d 231, 249 (1989); accord Harrington v. Payroll Entm't Servs., Inc., 160 Cal. App. 4th 589, 594 (2008); Feminist Women's Health Ctr. v. Blythe, 32 Cal. App. 4th 1641, 1674 (1995).

In Harris v. Marhoefer, the Ninth Circuit held that the district court properly exercised its discretion in reducing attorneys' fees by 50% after determining that plaintiff achieved only partial success based upon the amount of damages recovered versus the amount sought, and the number of claims prevailed upon versus the number of claims dismissed or decided in defendant's favor.  24 F.3d 16 (9th Cir. 1994).  There, the plaintiff sought $5 million from six defendants for alleged violations of his constitutional rights.  Id. at 17.  Plaintiff ultimately obtained a $25,000 judgment from one defendant and requested attorneys' fees under 42 U.S.C. § 1988 of approximately $120,000.  Id. at 18.  The district court awarded attorneys' fees after reducing the lodestar figure by 50% for lack of success.  Id.  The Ninth Circuit concluded "that the district court properly exercised its discretion because 'the relief, however significant, is limited in comparison to the scope of the litigation as a whole.'" Id. at 19 (quoting Hensley, 461 U.S. at 440).

Likewise, in Chavez v. City of L.A., the Supreme Court of California upheld the denial of an attorneys' fees award due to the modest extent of plaintiff's success.  47 Cal. 4th 970 (2010).  Plaintiff brought an action under the California Fair Employment and Housing Act (FEHA) and recovered damages of $11,500.  Id. at 976.  Plaintiff sought an attorney fee award of $870,935.50.  Id.  The trial court used the lodestar method to calculate attorney fees and determined that plaintiff's request for fees should be denied.  Id. at 985.  Plaintiff asserted seven different claims and only succeeded in recovering damages on one claim, which did not have any broad public impact or result in significant benefit to anyone other than plaintiff.  Id. at 990.  For those reasons, as well as the observation that the fee award on its

face was "unreasonably inflated," the Supreme Court of California upheld the trial court's decision to deny attorneys' fees altogether. Id.

Here, Moralez accepted modest monetary damages from Bond after unsuccessfully pursuing injunctive relief and damages against both Bond and Whole Foods. Moralez's judgment "did not have any broad public impact or result in significant benefit to anyone" other than herself. Chavez, 47 Cal. 4th at 990. As Plaintiff notes in her Motion, "[e]ncouraging competent attorneys to handle ADA Title III cases is necessary for effective enforcement." Mot. at 5 (quoting Blackwell, 724 F. Supp. 2d at 1075-76). However, in this case, a class-action settlement involving Whole Foods had already been incorporated into a judgment in state court. See Order at 1. The Whole Foods Oakland store at issue in this suit was covered by the Velasco settlement, and all indications were that the store was being altered to ensure compliance with the ADA and California accessibility laws. Moralez abandoned her injunctive relief efforts and obtained only a damages award against Bond. And, despite failing to effect any change in the store's accessibility, Plaintiffs seeks nearly $200,000 in fees–almost 80% of the amount awarded to class counsel in Velasco, where counsel secured a settlement calling for significant remediation to approximately sixty stores in California. See Opp'n at 8, Ex. 2.

The Court concludes that an 80% reduction is warranted in light of the limited success achieved.

### H. Reply Brief Fees

For work on the reply brief on this fees motion, Plaintiff requests $13,712 for 27.7 hours of McGuinness's work billed at her $495/hr. rate. Supp. McGuinness Decl. (dkt. 110). Plaintiff is entitled to attorneys' fees for preparing this fee-related motion. See Ketchum v. Moses, 24 Cal. 4th 1122, 1133-1134 (2001). Nevertheless, the Court finds the 27.7 hours billed by McGuinness to be excessive in light of the issues raised and counsel's experience. Accordingly, the Court reduces the hours spent on the reply brief by 10% (2.77 hours). See Cruz, 2013 U.S. Dist. LEXIS 79231, at *27 (reducing the 23.3 hours billed by Rein on a Reply brief by 50% because the amount of hours were excessive).

11

### I. Costs

Plaintiff initially requested the following costs under Cal. Civ. Proc. Code § 1032(b): 1) Filing fees - $350; 2) Service of process, courier services - $401; 3) overnight/mail services - $197; 4) Copying costs - $2,227; 5) Westlaw computer research - $6,220; 6) Parking and meals for 3/20/13 all day mediation - $75; and 7) Professional services of her expert Barry Atwood - $3,699. Rein Decl. at 6. In her Reply, Plaintiff now brings her application for costs under Federal Rule of Civil Procedure 54(d), arguing that federal law, not state law, governs applications for costs in federal court. Reply at 13.

Bond objects that Plaintiff has failed to prepare and file a Bill of Costs as required by Local Rule 54-1. See Opp'n at 14. In response, Plaintiff offers to file a formal Bill of Costs. Reply at 13. Even without a Bill of Costs, the Court is able to determine the reasonableness of Plaintiff's counsel's costs, as Plaintiff has provided all relevant invoices, billings, and receipts. Rein Decl., Ex. 13. The Court ORDERS Plaintiff to file her Bill of Costs within 5 days of this Order, and DENIES Defendant's procedural objection as moot.

Bond also objects that Plaintiff claims costs that are not allowable under Cal. Civ. Proc. Code § 1033.5, and that Plaintiff fails to offer any evidence to justify the costs incurred by her expert, Barry Atwood. Opp'n at 15. Federal Rule of Civil Procedure 54(d) creates a presumption in favor of rewarding costs to prevailing parties; it is incumbent upon the losing party to demonstrate why the costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Moreover, Federal law permits recovery for out-of-pocket litigation expenses that are normally billed to a client. Grove v. Wells Fargo Fin., Inc., 606 F.3d 577, 580 (9th Cir. 2010). Plaintiff's counsel relied on Atwood's opinions and review of Defendant's documents, and Plaintiff was entitled to pursue evidence to support her claims against Bond. She did not have to blindly accept Bond's representations that remediation was complete and successful. Thus, Atwood's services are properly compensable as nontaxable expenses.

The Court DENIES Defendant's objections and awards Plaintiff her requested costs.

//

1  **IV.   CONCLUSION**

2  For the foregoing reasons, the Court GRANTS the Motion in part and DENIES it in

3  part. The requested fees and costs, as well as the recoverable fees and costs, are delineated

4  below:

5  **Requested Fees and Costs**                                    **Recoverable Fees and Costs**

6  *Attorney Fees*                                                 *Attorney Fees*
   Celia McGuinness, Esq. 172.1 hrs. @                             Celia McGuinness, Esq. 167.9 hrs. @
7  $495/hr. = $85,190                                              $495/hr = $83,111
   Paul Rein, Esq. 102.9 hrs. @ $645/hr. =                         Paul Rein, Esq. 102.6 hrs. @ $645/hr. =
8  $66,371                                                         $66,117
   Catherine Cabalo, Esq. 5.4 hrs. @ $425/hr.                      Catherine Cabalo, Esq. 5.4 hrs. @ $425/hr.
9  = $2,295                                                        = $2,295
   Aaron Clefton, Senior Paralegal 64.7 hrs.                       Aaron Clefton, Senior Paralegal 63.2 hrs.
10 @ $200/hr. = $12,940                                            @ $175/hr. = $11,060
   Holly Jaramillo, Paralegal 4.7 hrs. @                           Holly Jaramillo, Paralegal 3.8 hrs. @
11 $135/hr. = $635                                                 $135/hr. = $513
   Total attorney fees: **$167,431**                               Total attorney fees: $163,096
12                                                                 - 80% Reduction = **$32,620**

13

   *Additional Fees for Reply Brief*                               *Additional Fees for Reply Brief*
14 Celia McGuinness, Esq. 27.7 hrs. @                              Celia McGuinness, Esq. 27.7 hrs.
   $495/hr. = **$13,712**                                          -10% reduction hours = 24.9 hours
15                                                                 @ $495/hr. = $12,326
                                                                   - 80% Reduction = **$2466**
16
   *Litigation Expenses and Costs*                                 *Litigation Expenses and Costs*
17 Filing fees $350                                                Filing fees $350
   Service of process, courier services $401                       Service of process, courier services $401
18 overnight/mail services $197                                    overnight/mail services $197
   Copying costs $2,227                                            Copyright costs $2,227
19 Westlaw computer research $6,220                                Westlaw computer research $6,220
   Parking and meals for 3/20/13 all day                           Parking and meals for 3/20/13 all day
20 mediation $75                                                   mediation $75
   Professional services of CASp expert                            Professional services of CASp expert
21 Barry Atwood $3,699                                             Barry Atwood $3,699
   Total litigation expenses and costs:                            Total litigation expenses and costs:
22 **$13,169**                                                     **$13,169**

23

24
   Total REQUESTED attorneys' fees,                                Total AWARDED attorneys' fees,
25 litigation expenses, and costs: **$194,278**                    litigation expenses, and costs: **$48,255**

26 *//*

27 *//*

28 *//*

13

The Court awards Plaintiff attorneys' fees and costs in the amount of $48,255.

**IT IS SO ORDERED.**

Dated: July 30, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE